**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK VERSTUYFT, ROBIN VERSTUYFT, THE BEYER LIVING TRUST, GORDON KUENEMANN and WENDY KUENEMANN,<br><br>   Plaintiffs,<br><br> vs.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO NATIONAL BANK WEST,<br><br>   Defendants. | § § § § § § § § § § § § § § § | Case No. 5:24-cv-229-JKP |

**DEFENDANTS WELLS FARGO BANK, N.A.'S**
**ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), respectfully submits this Answer to Plaintiffs Mark Verstuyft, Robin Verstuyft, and The Beyer Living Trust's (collectively, "Plaintiffs") Complaint as follows:[1]

## INTRODUCTION

1.  The allegations in Paragraph 1 constitute Plaintiffs' characterization of their claim. To the extent these allegations contain factual averments, they are denied. To the extent these allegations contain averments regarding alleged unlawful conduct, those allegations are conclusions of law to which no response is required; to the extent a response is required, they are denied. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged

---

[1] Wells Fargo is simultaneously moving to dismiss all claims brought by Gordon and Wendy Kuenemann. This Answer is submitted without prejudice to, and without waiver, of any of the arguments made in Wells Fargo's Motion to Dismiss.

wrongdoing by Christopher John Pettit ("Pettit"), CP&A, or anyone acting in concert with Pettit or CP&A.  Wells Fargo further denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct.

2.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the first sentence in Paragraph 2 and therefore denies it.  The remaining allegations in Paragraph 2 are denied.

3.      The allegations in Paragraph 3 are denied.

4.      The allegations in Paragraph 4 are denied.

5.      The allegations in Paragraph 5 are denied.

6.      The allegations in the first sentence of Paragraph 6 constitute a legal conclusion to which no response is required; to the extent a response is required, or to the extent the allegations contain factual averments, they are denied.  The second sentence of Paragraph 6 purports to quote testimony provided to the Senate Banking Committee; this testimony speaks for itself.  Wells Fargo denies the second sentence of Paragraph 6 to the extent it mischaracterizes, misquotes, or omits context from the full testimony.

<u>**PARTIES**</u>

A.  <u>**Plaintiffs**</u>

7.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the allegations.

8.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the allegations.

9.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the allegations.

10.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the allegations.

11.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the allegations.

**B.  <u>Defendants</u>**

12.      The first sentence of Paragraph 12 is denied as stated.  Wells Fargo Bank, N.A. responds that it is a national banking association with its main office designated in Sioux Falls, South Dakota by its articles of association. Wells Fargo admits that McGuireWoods LLP, as counsel for Wells Fargo, has agreed to accept service on behalf of Wells Fargo.  Wells Fargo admits that it entered into a stipulation with the Verstuyfts and The Beyer Living Trust, who were previously Plaintiffs in Adversary No. 23-05039 pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and are now Plaintiffs in this action.  The terms of that Stipulation speak for themselves and Wells Fargo denies any characterization of the Stipulation that are inconsistent with those terms.

13.      Wells Fargo National Bank West is a national banking association with its main office, as designated in its articles of association, located in Las Vegas, Nevada. Wells Fargo admits that McGuireWoods LLP, as counsel for Wells Fargo, has agreed to accept service on behalf of Wells Fargo.  Wells Fargo admits that it entered into a stipulation with the Verstuyfts and The Beyer Living Trust, who were previously Plaintiffs in Adversary No. 23-05039 pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division,

and are now Plaintiffs in this action.  The terms of that Stipulation speak for themselves and Wells Fargo denies any characterization of the Stipulation that are inconsistent with those terms.

## JURISDICTION AND VENUE

14.    The allegations in the first sentence in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Wells Fargo admits that the Court has jurisdiction and that venue is appropriate.

## FACTUAL ALLEGATIONS

### A.  Pettit and CP&A[2]

15.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 16 and therefore denies the allegations.  As to the fourth sentence, Wells Fargo admits only that it issued Pettit credit cards, the terms of which are contained in written documents that speak for themselves.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained within the fourth sentence of Paragraph 16, and therefore denies them.  To the extent the allegations in the fifth sentence of Paragraph 16 purport to assert that Wells Fargo failed to comply with federal or state regulatory obligations in connection with the opening of an account, those allegations are denied.

---

[2] Wells Fargo generally denies any allegations explicit or implicit in the headings and sub-headings of the Complaint, but includes them here only for ease of reference.

**B.  The 1031 Exchange Angle**

17.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 17 and therefore denies the allegations.  The third sentence purports to characterize the legal requirements for conducting a like-kind exchange of property pursuant to the Internal Revenue Code; accordingly, no response is required.  To the extent a response is required, the relevant statutory provisions related to like-kind exchanges speak for themselves.

18.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the allegations.

**C.  Wells Fargo Enabled Pettit**

19.     The first sentence of Paragraph 19 as stated is denied.  The remaining allegations in Paragraph 19 are denied.

20.     Wells Fargo admits that Pettit held a personal checking account with Wells Fargo ending in -4978.  Wells Fargo admits that Pettit transferred funds into his personal Wells Fargo account. The details of those transfers are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 20 contradict or mischaracterize the documents, they are denied. The remaining allegations are denied.

21.     Wells Fargo admits that Pettit withdrew funds from his personal Wells Fargo account. The details of those withdrawals are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 21 contradict or mischaracterize the documents, they are denied. Wells Fargo admits that Pettit received financing from Wells Fargo National Bank West to purchase real property located at 555 Argyle.  The details of that financing are contained in written documents that speak for themselves. To the extent the allegations of

Paragraph 21 contradict or mischaracterize the documents, they are denied.  The remaining allegations in Paragraph 21 are denied.

22.     Wells Fargo admits that Pettit made mortgage payments to Wells Fargo National Bank West for the real property located at 555 Argyle. The details of those payments are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 22 contradict or mischaracterize the documents, they are denied.  The remaining allegations in Paragraph 22 are denied.

23.     Wells Fargo admits that Pettit made mortgage payments to Wells Fargo National Bank West for the real property located at 555 Argyle. The details of those payments are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 23 contradict or mischaracterize the documents, they are denied.  The remaining allegations in Paragraph 23 are denied.

i.      **Wells Fargo participated and profited from Pettit fraud and breach of fiduciary duty to the Pettit Victims.**

24.     Denied.

25.     Denied.

ii.     **Wells Fargo's requirement to know their customers.**

26.     Wells Fargo admits that CP&A opened New Mexico and Texas IOLTAs at Wells Fargo. The details related to those accounts are contained in written documents that speak for themselves. Wells Fargo admits that Pettit opened a personal checking account at Wells Fargo ending in -4978. The details related to that account are contained in written documents that speak for themselves.  To the extent the allegations of Paragraph 26 contradict or mischaracterize the documents, they are denied.  To the extent a further response is required, the allegations are denied.

27.     Wells Fargo admits that Pettit made mortgage payments to Wells Fargo National Bank West for the real property located at 555 Argyle. The details of those payments are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 27 contradict or mischaracterize the documents, they are denied.  The remaining allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  To the extent any of the averments in Paragraph 28 constitute factual allegations to which a response is required, they are denied.

29.     The allegations in the first sentence of Paragraph 29 are denied.  The allegations in the second sentence of Paragraph 29 purport to summarize written documents that speaks for themselves.   To the extent the allegations in the second sentence of Paragraph 29 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.  The remaining allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 purport to quote testimony provided by Bridget Cerny; this testimony speaks for itself.  Wells Fargo denies the allegations in Paragraph 30 to the extent they mischaracterize, misquote, or omit context from the full testimony. Further, the allegations in Paragraph 30 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

31.     The first two sentences in Paragraph 31 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  The third sentence in Paragraph 31 purports to quote testimony provided by Karen Nelson; this testimony speaks for

itself.  Wells Fargo denies the allegations in Paragraph 31 to the extent they mischaracterize, misquote, or omit context from the full testimony.  Wells Fargo denies the allegations in the fourth sentence. The allegations in the last sentence of Paragraph 31 purport to summarize written documents that speaks for themselves. To the extent the allegations in the last sentence of Paragraph 31 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

32.     The allegations in Paragraph 32 purport to summarize written documents that speaks for themselves.   To the extent the allegations in Paragraph 32 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.   Further, the allegations in Paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### iii.     Wells Fargo ignored both the Know Your Customer Rule and AML Laws when it came to Pettit.

33.     The allegations in Paragraph 33 as stated are denied.

34.     Wells Fargo admits that it has certain Anti-Money Laundering obligations, and Wells Fargo complies with those obligations, including by the designation of a compliance officer. Wells Fargo admits that CP&A's New Mexico IOLTA account had banking transactions. The details those transactions are contained in written documents that speak for themselves. To the extent the allegations in Paragraph 34 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. The last sentence of Paragraph 34 is denied as stated.

35.     To the extent Paragraph 35 purports to summarize, quote, or make conclusions based upon the cited guidance from the Federal Financial Institutions Examination Council ("FFIEC"), these are documents in writing and are the best evidence of what is contained therein.

To the extent the allegations in Paragraph 35 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 35 and therefore denies the allegations. The allegations in the last sentence (including all subparts) of Paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36.     The allegations concerning Wells Fargo's obligations to monitor account activity are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied as stated.    The allegations in Paragraph 39 purport to summarize written documents that speak for themselves.   To the extent the allegations of Paragraph 36 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.  The remaining allegations in Paragraph 36 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37.     [Sic; there is no Paragraph 37 in Plaintiffs' Complaint].

38.     To the extent Paragraph 38 purports to summarize, quote, or make conclusions based upon 31 C.F.R. § 1020.220, this is a written regulation and is the best evidence of what is contained therein. To the extent the allegations of Paragraph 38 contradict or mischaracterize the regulation, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. The allegations in Paragraph 38 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

39.     The allegations concerning Wells Fargo's obligations to monitor account activity are conclusions of law to which no responsive pleading is required.  To the extent a response is

required, the allegations in this paragraph are denied as stated.    The allegations in Paragraph 39 purport to summarize written documents that speaks for themselves.   To the extent the allegations of Paragraph 39 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. The allegations in the sixth sentence of Paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the last two sentences of Paragraph 39 purport to summarize written documents that speaks for themselves.    To the extent the allegations in the second sentence of Paragraph 39 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

40.    The allegations in Paragraph 40 purport to summarize written documents that speaks for themselves.   To the extent the allegations of Paragraph 40 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo admits that it entered into a stipulation with the Verstuyfts and The Beyer Living Trust, who were previously Plaintiffs in Adversary No. 23-05039 pending in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and are now Plaintiffs in this action.  The terms of that Stipulation speak for themselves and Wells Fargo denies any characterization of the Stipulation that is inconsistent with those terms. The fourth, fifth, sixth, and last sentences of Paragraph 40 are denied as stated.

41.    The allegations concerning Wells Fargo's obligations to monitor account activity are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied as stated. The allegations in Paragraph 41 purport to summarize written documents that speaks for themselves.   To the extent the allegations

of Paragraph 41 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

42.     The allegations in the first sentence of Paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Wells Fargo admits that it did not terminate the CP&A New Mexico IOLTA prior to 2023.   The remaining allegations (including all subparts) in Paragraph 42 purport to summarize written documents that speaks for themselves. To the extent the allegations in Paragraph 42 contradict or mischaracterize those documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

43.     The allegations in the last three sentences (including all subparts) of Paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 43 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 43 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

**iv.     The controls employed by Wells Fargo to guard against AML violations and fraud existed before Pettit started using the NM IOLTA Account.**

44.     The allegations in Paragraph 44 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 44 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. The remaining allegations are denied.

45.     The allegations in Paragraph 45 purports to quote testimony provided by Karen Nelson; this testimony speaks for itself.  Wells Fargo denies the allegations in Paragraph 45 to the extent they mischaracterize, misquote, or omit context from the full testimony. The remaining

allegations in Paragraph 45 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 45 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

46.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A. The allegations in the last two sentences of Paragraph 46 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 46 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

**D. New Mexico State Bar Requirements for IOLTA Accounts.**

47.     To the extent Paragraph 47 purports to summarize, quote, or make conclusions based upon the cited guidance from the State Bar of New Mexico, these are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph 47 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

48.     To the extent Paragraph 48 purports to summarize, quote, or make conclusions based upon the cited guidance from the State Bar of New Mexico, these are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph 48 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

49.     To the extent Paragraph 49 purports to summarize, quote, or make conclusions based upon the cited guidance from the State Bar of New Mexico, these are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph

49 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

50.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A. Wells Fargo admits that CP&A held a New Mexico IOLTA at Wells Fargo. The details that account are contained in written documents that speak for themselves. The allegations in Paragraph 50 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 50 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

51.     Wells Fargo admits that CP&A held a New Mexico IOLTA at Wells Fargo and that funds were deposited into CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 51 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

**E.  The theft of the Verstuyft and Beyer Living Trust 1031 Exchange proceeds.**

52.     Wells Fargo admits that funds were deposited into and withdrawn from CP&A's New Mexico IOLTA. The details those funds are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 52 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

**i.     The Verstyft 1031 Exchange**

53.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies the allegations.

54.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 54 and therefore denies the allegations. Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 54 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

55.     Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 55 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies the allegations.

56.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A. Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 56 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

57.     The allegations in Paragraph 57 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A.

### ii.      The Beyer Living Trust 1031 Exchange

58.      Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 58 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies the allegations.

59.      Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 59 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

60.      Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 60 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A.  The remaining allegations are denied.

### iii.      The Kuenemann 1031 Exchange

61.      Wells Fargo admits that there was account activity in CP&A's New Mexico IOLTA. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 61 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies the allegations.

62.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the allegations.

63.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A. Wells Fargo denies the allegations in the last two sentences of Paragraph 63. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore denies the allegations.

**F.  Wells Fargo failed to stop Pettit in favor of its own financial gain.**

64.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A. Further, the allegations in Paragraph 64 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

65.     To the extent Paragraph 65 purports to summarize, quote, or make conclusions based upon the cited guidance from the State Bar of New Mexico or FFEIC guidelines, these are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph 65 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A.  The remaining allegations are denied.

**G. Wells Fargo has a culture of disregarding its own policies and procedures as well as applicable laws and regulations in favor of profits without regard to the consequences to those like the Pettit victims.**

66.     The allegations in Paragraph 66 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 66 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

67.     The allegations in Paragraph 67 purport to construe documents in writing that speak for themselves. To the extent the allegations of Paragraph 67 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied.

68.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Pettit, CP&A, or anyone acting in concert with Pettit or CP&A.  The allegations in Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## APPLICABLE LAW

**Texas law applies to the determination of the torts of breach of fiduciary duty and fraud perpetuated by Pettit and Wells Fargo against CP&A and the Pettit Victims.**

69.     Wells Fargo admits that CP&A held a New Mexico IOLTA at Wells Fargo. The details of that account are contained in written documents that speak for themselves. To the extent the allegations of Paragraph 69 contradict or mischaracterize the documents, or assert or imply that Wells Fargo engaged in any form of misconduct or violation of law, they are denied. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Paragraph 69 and therefore denies the allegations.

### CAUSES OF ACTION[3]

### COUNT I

**Joint Tortfeasor Liability for Knowing Participation in the Breach of the Fiduciary Duty of Pettit to the Clients of CP&A by Wells Fargo**

70.     The responses set forth in Paragraphs 1 through 69 of this Answer are incorporated herein by reference as if set forth in full.

71.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies the allegations.

72.     The allegations in Paragraph 72 are denied.

73.     The allegations in Paragraph 73 are denied.

74.     The allegations in Paragraph 74 are denied.

### COUNT II

**Joint Tortfeasor Liability for Knowing Participation in the Perpetuation of Fraud by Pettit Against the Clients of CP&A – by Wells Fargo**

75.     The responses set forth in Paragraphs 1 through 74 of this Answer are incorporated herein by reference as if set forth in full.

76.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies the allegations.

77.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 77 and therefore denies the allegations.  The remaining allegations in Paragraph 77 are denied.

78.     The allegations in Paragraph 78 are denied.

---

[3] Wells Fargo is simultaneously moving to dismiss all claims brought by Gordon and Wendy Kuenemann (Counts I and II, alleged knowing participation in breach of fiduciary duty or fraud, and Count III, negligence).  This Answer is submitted without prejudice to, and without waiver, of any of the arguments made in Wells Fargo's Motion to Dismiss.

79.     The allegations in Paragraph 79 are denied.

## COUNT III

### Negligence and Gross Negligence

80.     The responses set forth in Paragraphs 1 through 79 of this Answer are incorporated herein by reference as if set forth in full.

81.     Wells Fargo denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct.

82.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies the allegations.

83.     The allegations in Paragraph 83 are denied.

84.     The allegations in Paragraph 84 are denied.

85.     The allegations in Paragraph 85 are denied.

86.     The allegations in Paragraph 86 are denied.

## COUNT IV

### Texas Theft Liability Act – Wells Fargo and Wells Fargo National Bank West

87.     The responses set forth in Paragraphs 1 through 86 of this Answer are incorporated herein by reference as if set forth in full.

88.     The allegations in Paragraph 88 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

89.     The allegations in Paragraph 89 are denied.

90.     The allegations in Paragraph 90 are denied.

**EXEMPLARY AND PUNITIVE DAMAGES FOR PLAINTIFF**

91.     Wells Fargo denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct.

92.     Wells Fargo denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct.

**JURY DEMAND**

93.     Wells Fargo denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct.  Wells Fargo denies that Plaintiffs are entitled to the relief requested.

**PRAYER**

Wells Fargo denies that it is liable to Plaintiffs pursuant to any legal theory, claim, or cause of action, or that it is liable to Plaintiffs as a result of or in relation to Pettit's unlawful conduct. Wells Fargo denies that Plaintiffs are entitled to the relief requested.

## WELLS FARGO'S AFFIRMATIVE DEFENSES

Wells Fargo hereby alleges the following separate and distinct defenses and affirmative defenses to the Complaint and the causes of action asserted against Wells Fargo therein, and without assuming the burden of proof on matter as to which they have no such burden:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.     The Complaint fails to state a claim against Wells Fargo upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Responsible Third Parties – Tex. Civ. Prac. & Rem Code  § 33.004).

2.      Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated to the extent which their losses were caused by "responsible third parties."  Tex. Civ. Prac. & Rem Code § 33.004.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3.      Plaintiffs failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiffs' alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiffs, if any, should be reduced accordingly or eliminated entirely.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

4.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

5.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

6.      Plaintiffs are estopped by the action of law or by conduct from maintaining the Complaint filed in this case.

## SEVENTH AFFIRMATIVE DEFENSE

(Co-Liability)

7.      Wells Fargo alleges that any injury or damages which may have been sustained by Plaintiffs were proximately caused by the acts, errors or omissions of persons or entities other than Wells Fargo, and for whom Wells Fargo is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE
### (Fault of Others)

8.      If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of other third parties, and not by Wells Fargo.

## NINTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

9.      Wells Fargo alleges any damage or loss Plaintiffs did incur as a result of any act or conduct by Wells Fargo would be speculative at best and thus too uncertain for recovery.

## TENTH AFFIRMATIVE DEFENSE
### (Compliance with Law)

10.      Wells Fargo met or exceeded the requirements of applicable laws, regulations, and standards.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith Conduct/Conformance with Applicable Standards)

11.      Wells Fargo at all times acted in good faith and in conformance with all applicable government and industry standards, rules and regulations, thus precluding any recovery by Plaintiffs against Wells Fargo.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

12.      The damages complained of were the result of the intervening and superseding actions of others and were not proximately caused by the actions or omissions of the Wells Fargo.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

13.     Wells Fargo specifically denies acting with any willfulness, oppression, fraud, or malice toward Plaintiffs or others.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

14.     Plaintiffs' claims are barred because Plaintiffs lack standing to bring them.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Consent)

15.     Plaintiffs' claims are barred because Plaintiffs consented to any alleged conduct in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

16.     Plaintiffs, themselves and/or through their agent(s), acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in their litigation and assumed any and all risks associated therewith. Plaintiffs are therefore barred from obtaining the relief sought in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

17.     The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions, and inactions of Plaintiffs, and/or the persons on whose behalf they purport to bring this action, under the doctrine of ratification.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(No Breach of Duty)

18.    Wells Fargo denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiffs or the persons on whose behalf they purport to bring this action.

## NINETEENTH AFFIRMATIVE DEFENSE
(Recovery)

19.    Plaintiffs' claims are barred, in whole or in part, because they have received or may receive returns or recoveries on their losses and therefore have not suffered damages or their damages have been reduced.

## TWENTIETH AFFIRMATIVE DEFENSE
(Failure to Join Indispensable Parties)

20.    Plaintiffs fail to join indispensable parties as Plaintiff has joined The Beyer Living Trust without joining the trustees.

## OTHER AFFIRMATIVE DEFENSES

21.    Wells Fargo has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Wells Fargo expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for judgment as follows:

1. That judgment be entered in favor of Wells Fargo;

2. That Plaintiffs take nothing by way of their Complaint and the claims asserted therein;

3. That the Complaint, and the claims against Wells Fargo, be dismissed with prejudice;

4. That Wells Fargo be awarded costs of suit, including attorneys' fees incurred in defense

of this action; and

5. That Wells Fargo be granted such other relief as the Court deems just and proper.

Dated: March 25, 2024                    Respectfully submitted,

*/s/ Thomas Farrell*
Thomas Farrell (Id. 06839250)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Phone: (713) 571-9191
E-Mail: tfarrell@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice* forthcoming)
Nellie E. Hestin (*pro hac vice* forthcoming)
Alexander M. Madrid (*pro hac vice* forthcoming)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7907
E-Mail: jshaw@mcguirewoods.com
          nhestin@mcguirewoods.com
          amadrid@mcguirewoods.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be (1) sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 25, 2024, and (2) sent to the attorneys listed below by Email.

*/s/ Thomas Farrell*
Thomas Farrell

Leslie M. Luttrell
**Luttrell + Carmody Law Group**
100 N.E. Loop 410
Suite 615
San Antonio, TX 78216
(210)426-3600
Fax : (210)426-3610
Email: luttrell@lclawgroup.net

Morris E. White, III
**Villa & White LLP**
1100 NW Loop 410, Ste. 802
San Antonio, TX 78213
(210) 225-4500
Fax : (210) 212-4649
Email: treywhite@villawhite.com