# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CHRIS PETTIT & ASSOCIATES, P.C. § | | CASE NO. 22-50591-CAG |
| CHRISTOPHER JOHN PETTIT § | | CASE NO. 22-50592-CAG |
| § | | |
| Jointly Administered Debtors. § | | CHAPTER 11 PROCEEDINGS |
| § | | (Jointly Administered Under |
| § | | Case No. 22-50591-CAG) |
| MARK VERSTUYFT, ROBIN § | | |
| VERSTUYFT, THE BEYER LIVING § | | |
| TRUST, and ERIC TERRY CHAPTER § | | |
| 11 TRUSTEE FOR THE ESTATE OF § | | |
| CHRIS PETTIT & ASSOCIATES, P.C. § | | |
| Plaintiffs, § | | Adversary No. 23-05039-cag |
| § | | |
| vs. § | | |
| § | | |
| WELLS FARGO BANK, N.A. and § | | |
| CHRISTOPHER JOHN PETTIT, § | | |
| INDIVIDUALLY § | | |
| Defendants. § | | |

**STIPULATION PURSUANT TO RULE 41 F.R.C.P. DISMISSING CLAIMS OF MARK VERSTUYFT, ROBIN VERSTUYFT, AND THE BEYER LIVING TRUST AGAINST WELLS FARGO BANK, N.A. AND WELLS FARGO NATIONAL BANK WEST *WITHOUT PREJUDICE* AND STIPULATION REGARDING SERVICE AND RULE RIGHTS**

On the 7th day of February 2024 this Court entered its *Order Granting In Part And Denying In Part Defendant Wells Fargo Bank, N.A. And Wells Fargo National Bank West's Motion To Dismiss The Second Amended Complaint Pursuant To Rule 12(B)(1), 12(B)(6), And 12(B)(7)* [ECF 121] (the "12(b) Ruling"). In furtherance of the 12(b) Ruling, each of Wells Fargo Bank, N.A., Wells Fargo National Bank West, Robin Verstuyft, Mark Verstuyft, and the Beyer Living Trust agree and stipulate as follows:

1. In its 12(b) Ruling, this Court held that Plaintiffs Robin Verstuyft, Mark Verstuyft, and the Beyer Living Trust (hereinafter collectively referred to as the "Plaintiffs")

2. stated claims against Wells Fargo Bank N.A. for (i) Joint Tortfeasor Liability for Knowing Participation in the Breach of the Fiduciary Duty of Pettit to the Clients of CP&A; (ii) Joint Tortfeasor Liability for Knowing Participation in the Perpetration of Fraud by Pettit Against the Clients of CP&A; (iii) Negligence; and (iv) Violation of the Texas Theft Liability Act, Tx. Civ. Prac. & Rem. Code § 134 (hereinafter collectively referred to as the "Surviving Claims"), and against Wells Fargo National Bank West to the extent carved out of Count VIII of the Complaint pursuant to the 12(b) Ruling.

2. The claims and causes of action asserted by the Plaintiffs against Wells Fargo Bank, N.A. and potentially against Wells Fargo National Bank West (hereinafter collectively referred to as the "Defendants") shall be and are hereby dismissed *without prejudice* to the refiling of the same in the United States District Court for the Western District of Texas, San Antonio Division (the "District Court").

3. The Plaintiffs shall refile their claims and causes of action against the Defendants on or before March 3, 2024, in substantially similar form as asserted in this Adversary Proceeding (the "District Court Complaint").

4. Plaintiffs and Defendants stipulate and agree that this Court's 12(b) Ruling will apply to the District Court Complaint as if that 12(b) Ruling had been made by the District Court. Accordingly, Defendants waive any right to move to dismiss the District Court Complaint under Rule 12(b) and will instead answer the District Court Complaint. Whether and the extent to which Defendants have any post-answer ability in District Court to challenge the substance of the 12(b) Ruling will be determined according to the Federal Rules of Civil Procedure,

with each side preserving whatever rights it would have had on this point had Plaintiffs' Surviving Claims remained in this Court. The Parties agree that nothing in this Order shall preclude either side from challenging the substance of the 12(b) Ruling on appeal to the Fifth Circuit.

5. Nothing contained in this stipulation shall be construed as a waiver of the rights of Plaintiffs to assert claims against Wells Fargo National Bank West in the District Court. Except as provided in paragraph 4, Defendants reserve all rights to respond to any claims asserted against Wells Fargo National Bank West in the District Court, including through a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

6. The Defendants further stipulate and agree that service of process is waived pursuant to Rule 4(d) F.R.C.P.

7. The Defendants further stipulate and agree that their answer to the District Court Complaint shall be due on the 30th calendar following the filing of the District Court Complaint.

8. The Plaintiffs and Defendants further stipulate and agree that the District Court trial shall be to a jury on all issues of fact.

# # #

Prepared, Stipulated, and Agreed to:

| | |
|---|---|
| LUTTRELL + CARMODY LAW GROUP<br>One International Centre<br>100 N.E. Loop 410, Suite 615<br>San Antonio, Texas 78216<br>Tel.  210.426.3600<br>Fax  210.426.3610<br>luttrell@lclawgroup.net<br><br>By: /s/ Leslie M. Luttrell<br>   Leslie M. Luttrell<br>   State Bar No. 12708650<br><br>**Attorneys For Robin And Mark Verstuyft** | VILLA & WHITE, LLP<br>One International Centre<br>100 N.E. Loop 410, Suite 615<br>San Antonio, Texas 78216<br>Tel. 210.225.4500<br>Fax. 210.212.4649<br>treywhite@villawhite.com<br><br>By: /s/ Morris E. "Trey" White III<br>   Morris E. "Trey" White III<br>   State Bar No. 24003162<br><br>**Attorneys For The Beyer Living Trust** |

MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Phone: (713) 571-9191
E-Mail: tfarrell@mcguirewoods.com

/s/ Thomas Farrell
Thomas Farrell (Id. 06839250)

MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7907
Jarrod D. Shaw (pro hac vice)
E-Mail:   jshaw@mcguirewoods.com
Nellie E. Hestin (pro hac vice)
E-Mail:   nhestin@mcguirewoods.com
Alexander M. Madrid (pro hac vice)
E-Mail:   amadrid@mcguirewoods.com

**Attorneys for Wells Fargo Bank, N.A. and Wells Fargo National Bank West**

Adversary No. 23-05039-cag
Rule 41 FRCP Stipulation
Page **4** of **4**