IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK VERSTUYFT, ROBIN VERSTUYFT, THE BEYER LIVING TRUST, GORDON KUENEMANN and WENDY KUENEMANN<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS FARGO NATIONAL BANK WEST<br><br>Defendants. | §§§§§§§§§§§§§§§§<br><br>Case No. 5:24-cv-00229-JKP-RBF |

**DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO NATIONAL BANK WEST'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE MOTION FOR CONSOLIDATION**

Defendants Wells Fargo Bank, N.A. and Wells Fargo National Bank West (collectively "Wells Fargo") file this *Motion to Stay Discovery Pending Resolution of the Motion for Consolidation* (the "Motion") and in support thereof, state as follows:

### I.     INTRODUCTION

This is precisely the sort of case where the Court should exercise its inherent authority to manage its docket and order a limited stay of discovery pending the outcome of Wells Fargo's Motion for Consolidation of Related Cases for Discovery ("Motion for Consolidation") (DE 36). As set forth more fully in the Motion for Consolidation, this Court currently has two closely related actions pending before two different judges, *Mark Verstuyft, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 5:24-cv-00229-JKP-RBF (W.D. Tex.) (the "*VBK* Action") and *James Armstrong, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 5:24-cv-00177-FB (W.D. Tex.) (the "*Armstrong* Action"). Both cases involve the exact same scheme relating to a lawyer, Christopher John Pettit,

DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO NATIONAL BANK WEST'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE MOTION FOR CONSOLIDATION

Page 1

who is alleged to have stolen funds from a group of individuals, which Plaintiffs acknowledge. (DE 37 at 3 ("plaintiffs were all victims of the fraudulent and nefarious acts of Christopher John Pettit as aided by the various bank defendants.")). Because of the identical nature of the facts underpinning both actions, they will involve virtually identical discovery, including similar document requests and production, depositions, and expert topics.

In light of this identical discovery, if discovery were to proceed in this case prior to consolidation, discovery would inevitably be duplicated in the two cases resulting in unnecessary burden while leaving a group of plaintiffs behind. Moreover, the likelihood that there will be at least some judicial intervention required in the discovery process, proceeding on two separate discovery tracks would waste judicial resources and result in potentially inconsistent rulings. A stay here is particularly appropriate because it would be for a limited duration of time and the limited purpose of allowing for the possible consolidation of the two actions.

Accordingly, Wells Fargo respectfully requests that discovery be stayed pending a ruling on the Motion for Consolidation.

### A.     Status of Discovery in the *VBK* Action

In the *VBK* Action, the discovery cutoff is currently set for December 9, 2024, and expert disclosures are currently due on September 9, 2024 (for parties asserting claims for relief) and October 9, 2024 (for parties resisting claims for relief). (DE 34). The parties have exchanged initial discovery. It is clear that discovery will be costly and burdensome in this matter, despite Plaintiffs' contention that their claims "arise out of three discreet [sic] 1031 exchange transactions occurring over a period of approximately six months, which involve deposits to a single IOLTA Account – the New Mexico IOLTA Account." (DE 37 at 5). For example, Plaintiffs served 132 separate requests for production not including subparts. Many of these are broad reaching

requests,[1] and to the extent they are not otherwise objectionable, they would be applicable to both of the matters. *See VBK* Action, Plaintiffs['] First Request for Production to Defendant Wells Fargo Bank, N.A., attached as <u>Exhibit A</u>. It is also clear that there is likely to be significant motions practice related to the initial discovery issued by Plaintiffs, including because Plaintiffs advised their intent to file the same if Wells Fargo was unwilling to meet and confer and resolve objections within a day of serving its initial responses.[2] *VBK* Action, Correspondence from Plaintiffs' Counsel on July 22, 2024, attached as <u>Exhibit B</u>.

Further, based on Plaintiffs' initial disclosures, depositions in this case will be numerous,

---

[1] Many of the requests are overbroad, unduly burdensome, and disproportionate to the needs of the case. By way of example only, Plaintiffs request, among other things:

> 21.   The policies and procedures for Wells Fargo's compliance with the BSA/AML statutes and associated regulations in place during the period between January 1, 2017 and June 1, 2022.
>
> 49.   Audit policies and procedures in place during the period between January 1, 2017 and June 1, 2022.
>
> 87.   Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to IOLTA Account opening, managing and monitoring processes.
>
> 123.   Each document reflecting the findings of the OCC regarding matters requiring attention, matters requiring immediate attention and/or consent orders that are not protected by confidentiality and that relate to control weaknesses in transaction monitoring, account opening, account closing, or any other aspect related to identifying, assessing, monitoring or mitigating fraud or criminal activity by a customer.

*See* Exhibit A.

[2] In the related bankruptcy action, Wells Fargo has already produced significant discovery related to potentially at issue accounts to the extent located after a reasonable search, including certain account agreements, currency transaction reports, internal investigations to the extent not created for compliance with BSA/AML obligations, communications, and overdraft and closure notifications. *In re Chris Pettit & Associates, P.C. and Christopher John Pettit*, No. 22-5-591-CAG, 22-50592-CAG (Bankr W.D. Tex.), Stipulation Regarding Show Cause Order, Rule 2004 Examination, and Motion to Quash Topics (DE 783).

and there are likely to be motions associated with the same.  For example, Plaintiffs list 25 persons they claim may have knowledge about the facts in this case, including corporate representatives for each of the Wells Fargo entities along with 16 individual current and former Wells Fargo employees.  *VBK* Action, Plaintiffs' Initial Rule 26 Disclosures, attached as <u>Exhibit C</u>.  Most egregiously, Plaintiffs list the CEO of Wells Fargo Bank, N.A., along with its current and former Chief Risk Officer.  *Id.*  The likely forthcoming deposition requests will almost certainly be heavily litigated.

    **B.**    **Status of Discovery in the *Armstrong* Action**

In the *Armstrong* Action, there is no currently pending scheduling order as this Court only recently withdrew the reference to Bankruptcy Court.  While there has been limited discovery in the *Armstrong* Action (whether in this Court or while pending as an adversary proceeding), Wells Fargo has produced documents pursuant to a subpoena issued by the Trustee in the underlying bankruptcy action.  Many of the documents produced are those responsive to the requests in the *VBK* Action once appropriately limited.

    **II.**    <u>**LEGAL STANDARD**</u>

District courts possess the inherent power to control their dockets during the pendency of cases, and this includes the discretion to stay proceedings as appropriate.  *Kelton v. Nordstrom, Inc.*, No. 1:23-CV-00395-DII-SH, 2023 WL 7118025, at *1 (W.D. Tex. Oct. 6, 2023).  Courts in this District stay discovery "on a showing of good cause."  *Id*.  "Good cause exists 'when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.'"  *Id.* (quoting *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008)).  In evaluating the presence of good cause, courts consider a variety of competing interests, including "(1) potential prejudice to

Plaintiff from a stay; (2) the hardship to Defendants if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the stay is granted." *Owens v. Experian Info Sols. Inc.*, No. 4:23-cv-79-SDJ-KPJ, 2023 WL 3818357, at *5 (E.D. Tex. June 5, 2023) (citing *Nguyen v. BP Expl. & Prod., Inc.*, No. CIV.A. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010)).

### III.  ARGUMENT

Here, there is no question that the standard for a stay is met. Wells Fargo would certainly suffer an undue burden and expense if discovery were permitted to proceed prior to a ruling on the Motion for Consolidation that could entirely obviate the need for otherwise duplicative discovery. In stark contrast, the remaining parties to the case can no show harm associated with such a brief stay. And, given the likelihood of significant motions practice, the risk of duplicative discovery warrants a stay for the purposes of judicial efficiency.

While there is limited case law in this Circuit on motions to stay discovery pending consolidation rulings, courts regularly grant stays in an analogous situation—when a court is awaiting a decision on consolidation by the Judicial Panel on Multidistrict Litigation ("JPML") into a potential Multidistrict Litigation ("MDL"). *See, e.g.*, *Blunt v. Prospect Mortg., LLC*, No. 3:13-CV-1595-P, 2013 WL 12129263, at *2 (N.D. Tex. Nov. 20, 2013); *U.S. Bank, N.A. v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sep. 23, 2002) (granting motion to stay Ponzi scheme related litigation pending potential consolidation by JPML); *Krishnapuram v. Jaddou*, No. 4:22-CV-505-SDJ, 2022 WL 17883617 (E.D. Tex. July 22, 2022) (granting motion to stay discovery pending potential consolidation by JPML); *Gupta v. Jaddou*, No. 4:22-CV-504-SDJ, 2022 WL 17883618 (E.D. Tex. July 22, 2022) (same); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985 (W.D. Tex. Mar. 3, 2014) (same).

### A. Plaintiffs Will Suffer Limited, if Any, Harm Because of a Stay

Here, none of the plaintiffs can show any legitimate harm associated with a brief stay of this matter. This is particularly true where, as here, the stay of discovery will be limited in duration. *In re Indus. Print Techs., LLC Patent Litig.*, No. 3:15-md-2614-M, 2015 U.S. Dist. LEXIS 179884, at *5 (N.D. Tex. May 12, 2015) (granting stay of 41 days pending Rule 16 conference noting that the opposing party would suffer minimal prejudice where a brief stay would permit the parties to confer about a "coordinated discovery plan" where "discovery will be common among the individual cases"); *Blunt* 2013 WL 12129263, at *2 (delay was minor where JPML hearing was less than a month away to be ultimately followed by a decision); *Moskovits v. Mercedes-Benz Fin. Servs. United States LLC*, No. 4:21-CV-02260, 2022 WL 413370, at *2 (S.D. Tex. Jan. 31, 2022) (stay was appropriate where it was "not immoderate nor [was] it of indefinite duration"); *Sparling*, 2014 WL 12489985, at *3 ("Observing that district courts frequently grant motions to stay after concluding that the plaintiff will not be prejudiced by a slight delay, the Court finds that the delay in the instant case is comparable to a significant number of cases that granted a stay."). Further, simply because the case may be extended slightly is not sufficient prejudice to avoid a stay. *Blunt*, 2013 WL 12129263, at *2.

The stay requested here is of a limited duration. Wells Fargo is not seeking to avoid its discovery obligations, but simply to only conduct discovery once on the same underlying purported fraud. Because Wells Fargo only seeks a stay pending the outcome of the Motion for Consolidation, Plaintiffs will suffer limited, if any, prejudice. Accordingly, this factor weighs in favor of a stay.

### B. Wells Fargo Would Suffer Sufficient Hardship Without a Stay

In contrast, Wells Fargo would suffer a significant harm absent the entry of a stay. In cases such as this where there are two actions that will have duplicative discovery, courts are clear that absent a stay of discovery, a party will suffer an undue burden and hardship. *Owens*, 2023 WL 3818357, at *5-6; *In re Indus. Print Techs., LLC Patent Litig.*, 2015 U.S. Dist. LEXIS 179884, at *5 (prejudice to defendants weighs in favor of a stay where the "pending discovery requests seek information from particular Defendants that will be necessarily sought from every Defendant"); *U.S. Bank*, 2002 WL 31114069, at *2 ("an excessive amount of time, money and energy could potentially be wasted" with duplicative discovery pending potential consolidation by JPML).

In addition to the costs associated with duplicative written discovery, Wells Fargo faces a significant potential hardship if depositions proceed in the *VBK* Action. Given the current discovery schedule in that action, depositions are highly likely over the next couple of months; however, any depositions in the *VBK* Action are almost certainly the same depositions that plaintiffs in the *Armstrong* Action would wish to take as well. And, given the number of potential depositions (*see* Exhibit C), this risk is heightened here. Therefore, there would either be a burden to Wells Fargo of producing the same deponents twice or a prejudice to plaintiffs in the *Armstrong* Action of not being able to fully depose Wells Fargo's anticipated witnesses.[3] In either case, a brief stay is appropriate. *Blunt*, 2013 WL 12129263, at *2 (granting stay in part to avoid the

---

[3] This is particularly true here where the amount in controversy in the *Armstrong* Action vastly exceeds that in the *VBK* Action. *Compare Armstrong* Action, Case No. 23-05088-cag (Bankr. W.D. Tex.), Third Amended Complaint (DE 109) ("The 197 named Plaintiffs in this case represent approximately $200 million in losses, exclusive of interest.") *with VBK* Action, Initial Disclosures, attached as Exhibit B (seeking actual damages totaling approximately $4.67 million).

hardship associated with the stay of duplication of corporate witnesses).  As such, this factor strongly favors the entry of a stay in this matter.[4]

### C.      Absent a Stay, Judicial Resources Would Be Wasted

Similarly, absent a stay of discovery, not only would Wells Fargo suffer a hardship, but this Court's resources would be wasted.  This is true where, as here, discovery (and discovery disputes) would likely be duplicative.  *Owens*, 2023 WL 3818357, at *5 (citing *ZeniMax Media, Inc. v. Samsung Elecs. Co.*, No. 3:17-CV-1288-D, 2017 WL 4805524, at *4 (N.D. Tex. Oct. 25, 2017)).

In addition to the duplicative discovery, Plaintiffs in the *VBK* Action have indicated an intent to proceed with motions to compel in the near future.  *See* Exhibit B.  When motions to compel are likely, courts have found that discovery stays are appropriate to conserve judicial resources.  *In re Indus. Print Techs., LLC Patent Litig.*, 2015 U.S. Dist. LEXIS 179884, at *6; *Blunt*, 2013 WL 12129263, at *2 ("discovery ordinarily brings with it disputes that have to be resolved by the Court.").  Courts have recognized that these motions raise the risk of inconsistent discovery rulings that will potentially cause future problems if cases are in fact consolidated.  *Id*.  Accordingly, this factor also weighs heavily in favor of a stay.

---

[4] Independent grounds also exist to stay the case pending the outcome of Wells Fargo's pending potentially case dispositive.  Motion to Dismiss (DE 11).  *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'" (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990))); *Conquest v. Chamber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *1-2 (W.D. Tex. Jan. 13, 2014) (granting motion to stay discovery pending ruling on motion to dismiss where there would be no need for discovery if the motion to dismiss were granted).  In fact, courts have previously observed that pending motions to dismiss are sufficient hardship to warrant a stay pending potential consolidation in an MDL.  *Sparling*, 2014 WL 12489985, at *2-3.  Accordingly, following a ruling on consolidation, Wells Fargo reserves the right to seek a further limited stay of discovery on these independent grounds.

## IV. CONCLUSION

For the foregoing reasons, Defendants Wells Fargo Bank, N.A., and Wells Fargo Bank West respectfully request an order staying discovery in this matter until the motion for consolidation has been ruled upon.

Dated:  July 25, 2024

/s/ *Addison E. Fontein*
Thomas M. Farrell, State Bar No. 06839250
**McGuireWoods LLP**
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Phone: (713) 571-9191
tfarrell@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
Alexander M. Madrid (*pro hac vice*)
**McGuireWoods LLP**
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7907
jshaw@mcguirewoods.com
nhestin@mcguirewoods.com
amadrid@mcguirewoods.com

Addison E. Fontein, State Bar No. 24109876
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Phone: (214) 932-6436
afontein@mcguirewoods.com

***Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo National Bank West***

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Wells Fargo communicated with Counsel for Plaintiffs on July 25, 2024, who advised that they are opposed to the relief sought in this Motion and therefore oppose a stay of discovery through the ruling on consolidation, whereas Wells Fargo opposes duplicative discovery efforts and is therefore in favor of the stay through a ruling on consolidation.

                                                */s/ Addison E. Fontein*
                                                Addison E. Fontein

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 25, 2024.

                                                */s/ Addison E. Fontein*
                                                Addison E. Fontein

Leslie M. Luttrell
**Luttrell + Carmody Law Group**
100 N.E. Loop 410
Suite 615
San Antonio, TX 78216
(210)426-3600
Fax : (210)426-3610
Email: luttrell@lclawgroup.net

Morris E. White, III
**Villa & White LLP**
1100 NW Loop 410, Ste. 802
San Antonio, TX 78213
(210)225-4500
Fax : (210) 212-4649
Email: treywhite@villawhite.com