# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK VERSTUYFT, ROBIN** | § | |
| **VERSTUYFT, THE BEYER LIVING** | § | |
| **TRUST, GORDON KUENEMANN** | § | |
| **and WENDY KUENEMANN** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 5:24-cv-00229** |
| | § | |
| **WELLS FARGO BANK, N.A. and** | § | |
| **WELLS FARGO NATIONAL BANK** | § | |
| **WEST** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFFS FIRST REQUEST FOR PRODUCTION TO DEFENDANT**</u>
<u>**WELLS FARGO BANK, N.A.**</u>

TO:   **WELLS FARGO BANK, N.A.**
       c/o Thomas Farrell
       McGuireWoods
       845 Texas Ave.
       24th Floor
       Houston, TX 77002-2906

COMES NOW, **MARK VERSTUYFT, ROBIN VERSTUYFT, THE BEYER LIVING**

**TRUST, GORDON KUENEMANN** and **WENDY KUENEMANN, Plaintiffs,** in the above-

styled and numbered cause, and propounds the following First Request for Production to

Defendant, **WELLS FARGO BANK, N.A. ("WELLS FARGO")** pursuant to the provisions

of Rule 34(a) of the *Federal Rules of Civil Procedure.* Under the terms of said Rule these

requests are being served on **WELLS FARGO** for inspection, copying, testing, sampling,

and/or photographing of the following described  items in the possession, custody or

control of WELLS FARGO and/or WFNBW, as applicable. Said production is to be made

at the law offices of Luttrell + Carmody Law Group, 100 N.E. Loop 410, Suite 615, San

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                              Page **1** of 38

Antonio, Texas 78216, during regular business hours and within **30 days** after the service of these requests as provided herein.

The following items in the possession, custody or control of WELLS FARGO requested shall be organized and labeled to correspond with the categories in this Request, produced as kept in the usual course of business, or produced in accordance to a written agreement with counsel for the Plaintiffs.  In responding to the following Requests for Production, you are instructed to furnish all information and items available to you, including information or items in the possession of your attorneys, their investigators, and all persons, organizations and/or other agents acting on your behalf and not merely such information known of your own personal knowledge. If you cannot respond to a request in full after exercising due diligence to secure the information or item requested, state in your response and to the extent possible respond stating whatever information or knowledge you have.

The Requests which follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your responses given to the requests below.  Such supplemental responses are to be served upon this party immediately upon receipt of such information.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **2** of 38

## I. INSTRUCTIONS

1.      If any document requested was at one time in existence, but is no longer in existence, please so state, specifying for each document: (a.) the type of document; (b.) the type of information contained therein; (c.) the date on which it ceased to exist; (d.) the circumstances under which it ceased to exist; (e.) the identity of all persons having knowledge of the contents of the documents; and (f.) the originator of any decision resulting in the document ceasing to exist.

2.      In the event that any document is not produced by you by reason of a claim of privilege, in accordance with Rule 26(b)(5) ***this instruction shall serve as a request for the production of a privilege log on or before the expiration of 15 calendar days following the date on which the responses to these Requests for Production are due.*** The Privilege Log shall include the following with respect to each document withheld: (a.) the date of the document; (b.) the originator of the document; (c.) the addressee(s) and all recipients of the document; (d.) the type of document (e.g., record, letter, statement, memoranda, etc.) including number of pages, attachments, exhibits, appendices; (e.) a general description of the subject matter of the document; (f.) the nature of the privilege claimed; (g.) the identity of the person or entity asserting the privilege; (h.) the identity of all persons or entities with whom the document or its contents have been discussed; (i.) the identity of the persons with access to the document or its contents; and (j) the identity of the persons who viewed or accessed the document or its contents.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                Page **3** of 38

3.     In the event a document or a page or pages is/are removed from the requested documents prior to the production on grounds other than privilege, identify both the document and the reasons for its removal.

4.     In the event that documents responsive to a request are unable to be produced for any reason other than privilege, ***this instruction shall serve as a request for the production of a log on or before the expiration of 15 calendar days following the date on which the responses to these Requests for Production are due***. This Unable to Produce ("UTP") Log shall include the following with respect to each document identified: (a.) the date of the document; (b.) the originator of the document; (c.) the addressee(s) and all recipients of the document; (d.) the type of document (e.g., record, letter, statement, memoranda, etc.) including number of pages, attachments, exhibits, appendices; (e.) a general description of the subject matter of the document; (f.) the reason for the nonproduction; (g.) the identity of the person or entity claiming nonproduction; (h.) the identity of all persons or entities with whom the document or its contents have been discussed; (i.) the identity of the persons with access to the document or its contents; and (j) the identity of the persons who viewed or accessed the document or its contents. ***This instruction shall also serve as notice that Plaintiffs will require an in-person inspection of any documents identified within the UTP Log on or before the expiration of 15 calendar days following the date on which the responses to these Requests for Production are due***.

5.     The requests which follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **4** of 38

information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your responses given to the requests below. Such supplemental responses are to be served upon this party immediately upon receipt of such information.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **5** of **38**

## II. DEFINITIONS

For the purpose of interpreting or construing the scope of the requests made herein, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. This includes, without limitation, the following:

1.       "**You**" or "**Yours**" means the person or entity to whom these Requests are directed, as well as all agents, employees, attorneys, representatives, directors, trustees, natural persons, business entities, governmental bodies or agencies, subsidiaries, affiliates, and/or other legal entities acting or purporting to act on your behalf (including but not limited to Wells Fargo Company, EVEREN Capital Corporation, Omniplus Capital Corporation, Peony Asset Management, Inc., Wells Fargo Advisors Financial Network, LLC, Wells Fargo Bank, National Association, Wells Fargo Clearing Services, LLC, Wells Fargo Equipment Finance, Inc., Wells Fargo Funding, LLC, Wells Fargo International Solutions Private Limited, Wells Fargo Municipal Capital Strategies, LLC, Wells Fargo National Bank West, Wells Fargo Securities, LLC, WFC Holdings, LLC, as well as any predecessor and/or successor)

2.       The term "**document**" as used herein refers to all the following: the originals and non-identical copies or reproductions of any written, reported, recorded, or graphic matter, however and by whomever produced or reproduced, now or at any time within Your possession, custody or control, or to which You, its officers, directors, agents and/or employees have access, including, but not limited to: records, reports, papers, books, publications, pamphlets, contracts, agreements, leases, logs, letters, correspondence, teletypes, radiograms, telegrams, cables, telex messages, bulletins, memoranda, typed or handwritten notes, notations, notebooks, work papers, instructions, transcripts, minutes, reports and records of telephone or other communications or of interviews, conferences, or other meetings, appointment books, calendars, diaries, logs, maps, charts, plans, graphs, specifications, schedules, diagrams, photographs, affidavits, statements, checks, check requests, pro forma, spread sheets, ledgers, invoices, receipts, statistical records, lists, tabulations, data sheets, summaries, sound recordings, video recordings, samples, models, prototypes, devices, computer records, e-mail, texts, mp3 data, computer transmitted internet or intranet messages, discs, computer printouts, data processing input and output, microfilms, microfiche, all other records kept by computer, electronic, photographic or mechanical means, and all writings of whatever nature, kind or description and all documents necessary to the comprehension or understanding of any documents, including documents which are necessary to convert information on any document into a useable and useful format, and including each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), and any other visual communication of physical objects or things. If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, please follow Instructions above and provide all information requested in those instructions for each such document. If any document requested to be identified is unable to be produced,

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                                    Page **6** of 38

please follow the instructions in Instruction Number 4, above, and provide all information requested in those instructions for each document.

3.      The term "**Identify**" shall be defined as (a) when referring to a natural person or a business, governmental, or other legal entity means to state his, her, or its full name, current job title and nature of employment, present or last known address and telephone number and, if the name is unknown, then to state a reasonably detailed description of the identified party; (b) when referring to a document means to state its date, author, type or character (i.e., letter, contract, etc.), a reasonably detailed description of its contents, and the full name and present or last known address of its current custodian; (c) when referring to a document which is not in your possession, custody, or control, or is no longer in existence means to state whether the document is missing, lost, or destroyed, or if it was transmitted or transferred (voluntarily or involuntarily) to another person or entity and, if so, to identify that person or entity as previously directed. In lieu of identifying existing documents, you may attach to your answers true and complete copies of the documents.

4.      "**Person**" means natural person, sole proprietorship, joint venture, partnership, association, corporation, government agency, subsidiaries, affiliates, and/or other legal entities acting or purporting to act on your behalf (including but not limited to Wells Fargo Company, EVEREN Capital Corporation, Omniplus Capital Corporation, Peony Asset Management, Inc., Wells Fargo Advisors Financial Network, LLC, Wells Fargo Bank, National Association, Wells Fargo Clearing Services, LLC, Wells Fargo Equipment Finance, Inc., Wells Fargo Funding, LLC, Wells Fargo International Solutions Private Limited, Wells Fargo Municipal Capital Strategies, LLC, Wells Fargo National Bank West, Wells Fargo Securities, LLC, WFC Holdings, LLC, as well as any predecessor and/or successor) as well as his, her, or its agents, representatives, or employees.

5.      "**NM IOLTA**" shall be defined as the Wells Fargo Account ending in 9174 opened in 2017.

6.      "**TX IOLTA**" shall be defined as the Wells Fargo Account ending in 9720 opened in 2022.

7.      "**Fraud Team**" shall mean as the collection or group of employees, consultants, independent contractors and/or other Persons engaged by Wells Fargo to open, monitor, investigate, manage, and, as applicable close any indication of fraud occurring in an account with Wells Fargo, including the NM IOLTA Account and the TX IOLTA Account.

8.      "**BSA/AML Team**" shall mean as the collection or group of employees, consultants, independent contractors, and/or other Persons engaged by Wells Fargo to open, monitor, investigate, manage, and, as applicable close any indication of a violation of any Anti Money Laundering statute or regulation, Combating the Financing of Terrorism statute or regulation, or the Bank Secrecy Act occurring in an account with Wells Fargo, including the NM IOLTA Account and the TX IOLTA Account.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **7** of 38

9.     "**Wires Team**" shall mean as the collection or group of employees, consultants, independent contractors and/or other Persons engaged by Wells Fargo to initiate, process, block or otherwise manage incoming and outgoing wire transfers occurring in an account with Wells Fargo, including the NM IOLTA Account and the TX IOLTA Account.

10.    "**Account Management Team**" shall mean as the collection or group of employees, consultants, independent contractors, and/or other Persons engaged by Wells Fargo to open, monitor, investigate, manage, and, as applicable close any an account with Wells Fargo

11.    "**BSA**" shall mean the Bank Secrecy Act and its amendments.

12.    "**AML**" shall mean the Anti Money Laundering and Combatting the Financing of Terrorism statutes and regulations.

13.    "**UAR**" shall mean Unusual Activity Report and/or Unexpected Activity Report.

14.    "**SAR**" shall mean to Suspicious Activity Report.

15.    "**CDD**" shall mean Customer Due Diligence.

16.    "**EDD**" shall mean Enhanced Due Diligence.

17.    "**KYC**" shall mean Know Your Customer.

18.    "**CTR**" shall mean Currency Transaction Report.

19.    "**IOLTA**" shall mean Interest On Lawyers Trust Account.

20.    "**314(a) Reporting**" shall mean the reporting requirements promulgated pursuant to Section 314(a) of the USA Patriot Act of 2001 (P.A. 107-56).

21.    "**314(b) Reporting**" shall mean the reporting requirements promulgated pursuant to Section 314(a) of the USA Patriot Act of 2001 (P.A. 107-56).

22.    "**Second Line Compliance**" shall mean the independent oversight of regulatory requirements being met by the front line employees of Wells Fargo .

23.    "**Operational Risk**" shall mean the independent oversight of the risk management activities of the front line employees of Wells Fargo by one or more members of the operational risk management department or division of Wells Fargo,

24.    "**Third Line Audit**" shall mean internal and external auditor review, including, as applicable, US Sarbanes-Oxley Act compliance review with reporting to the senior committee charged with the review and confirmation of adherence to risk management policies and procedures.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **8** of 38

25.     "**OCC**" shall mean the Office of the Comptroller of the Currency.

26.     "**FDIC**" shall mean the Federal Deposit Insurance Corporation.

27.     "**Pettit**" shall mean Christopher John Pettit.

28.     "**CP&A**" shall mean Chris Pettit & Associates, P.C.

29.     "**CRM**" shall mean Customer Relationship Management platform (SalesForce promotes Wells Fargo as an existing customer of their CRM products).

30.     "**CXM**" shall mean Customer Experience Management platform (Sprinklr promotes Wells Fargo as an existing customer of their CXM products).

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                         Page **9** of **38**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been served upon the below named counsel as indicated on this the 21st day of June, 2024.

**Attorneys for Defendants**

Thomas M. Farrell
MCGUIREWOODS LLP
845 Texas Avenue, Suite 2400
Houston, TX 77002
Email: tfarrell@mcguirewoods.com

Jarrod D. Shaw
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: jshaw@mcguirewoods.com

Nellie E. Hestin
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: nhestin@mcguirewoods.com

Alexander M. Madrid
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: amadrid@mcguirewoods.com

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **10** of 38

## <u>REQUESTS FOR PRODUCTION TO WELLS FARGO BANK, N.A.</u>

1.   The organizational chart or diagram for the Internal Audit department of Wells Fargo as identified on the Business Divisions of the Wells Fargo website located at https://www.wellsfargojobs.com/en/business-divisions/internal-audit/ for the period January 1, 2017 through June 1, 2022.

2.   The name and job title of each employee in the Internal Audit department of Wells Fargo with responsibility over any aspect of the NM IOLTA Account.

3.   If different from the response to Request No. 2, the name and job title of each employee in the Internal Audit department of Wells Fargo with responsibility over any aspect of the TX IOLTA Account.

4.   If different from the response to Request No.2 or 3, the name and job title of each employee in the Internal Audit department of Wells Fargo with responsibility over any aspect of the teams and processes listed below

5.   The organizational chart or diagram for the Corporate Risk department of Wells Fargo as identified on the Business Divisions of the Wells Fargo website located at https://www.wellsfargojobs.com/en/business-divisions/corporate-risk/ for the period January 1, 20217 through June 1, 2022.

6.   The name and job title of each employee in the Corporate Risk department of Wells Fargo with responsibility over any aspect of the NM IOLTA Account for the time period January 1, 2017 through June 1, 2022.

7.   If different from the response to Request No. 6, the name and job title of each employee in the Corporate Risk department of Wells Fargo with responsibility over any aspect of the TX IOLTA Account.

8.   If different from the response to Request No. 6 or 7, the name and job title of each employee in the Corporate Risk department of Wells Fargo with responsibility over any aspect of the teams and processes listed below.

9.   The organizational chart or diagram for the Legal department of Wells Fargo as identified on the Business Divisions of the Wells Fargo website located at https://www.wellsfargojobs.com/en/business-divisions/legal/ for the period January 1, 20217 through June 1, 2022.

10.   The name and job title of each employee in the legal department of Wells Fargo with responsibility over any aspect of the NM IOLTA Account.

11.   If different from the response to Request No. 10, the name and job title of each employee in the legal department of Wells Fargo with responsibility over any aspect of the TX IOLTA Account.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **11** of **38**

12.     The organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the Fraud Team responsible for opening, managing, monitoring, investigating and, as applicable, closing a fraud investigation related to the NM IOLTA Account for the time period January 1, 2017 through June 1, 2022.

13.     If different from the response to Request No. 12, the organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the Fraud Team responsible for opening, managing, monitoring, investigating and, as applicable, closing a fraud investigation related to the TX IOLTA Account.

14.     The organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the BSA/AML Team responsible for opening, managing, monitoring, investigating and, as applicable, closing a BSA/AML investigation related to the NM IOLTA Account for the time period January 1, 2017 through June 1, 2022.

15.     If different from the response to Request No. 14, the organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the BSA/AML Team responsible for opening, managing, monitoring, investigating and, as applicable, closing a BSA/AML investigation related to the TX IOLTA Account.

16.     The organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the Wires Team responsible for initiating, processing, blocking or otherwise managing incoming and outgoing wire transfers occurring in the NM IOLTA Account for the time period January 1, 2017 through June 1, 2022.

17.     If different from the response to Request No. 16, the organizational chart, diagram, or listing, as applicable, indicating the reporting lines and organizational relationships of the Wires Team responsible for initiating, processing, blocking or otherwise managing incoming and outgoing wire transfers occurring in the TX IOLTA Account.

18.     The organizational chart, diagram, or listing, as applicable, for each Account Management Team responsible for the NM IOLTA Account during the period between January 1, 2017 and June 1, 2022.

19.     If different from the response to Request No. 18, the organizational chart, diagram, or listing, as applicable, for each Account Management Team responsible for the TX IOLTA Account during the period January 1, 2017 and June 1, 2022.

20.     The "Three Lines of Defense" organizational model in place during the period between January 1, 2017 and June 1, 2022 showing the line of defense position for:

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                Page **12** of 38

    a.  the Account Management Team;

    b.  any compliance assessment team;

    c.  any control testing and remediation team;

    d.  any operational risk management team;

    e.  any risk and control self-assessment team;

    f.  the Fraud Team;

    g.  the BSA/AML Team;

    h.  and audit team.

21.    The policies and procedures for Wells Fargo's compliance with the BSA/AML statutes and associated regulations in place during the period between January 1, 2017 and June 1, 2022.

22.    The document or documents which reflect Wells Fargo's definition and/or scope of an "unusual activity" in place during the period between January 1, 2017 and June 1, 2022.

23.    If different from Request No. 20, the document or documents which reflect Wells Fargo's definition and/or scope of an "unexpected activity".

24.    The policies and procedures for UAR reporting at Wells Fargo regarding accounts maintained with Wells Fargo, including accounts like the NM IOLTA Account and the TX IOLTA Account in place during the period between January 1, 2017 and June 1, 2022.

25.    The policies and procedures for SAR reporting  at Wells Fargo regarding accounts maintained with Wells Fargo, including accounts like the NM IOLTA Account and the TX IOLTA Account in place during the period between January 1, 2017 and June 1, 2022.

26.    The policies and procedures for CDD at Wells Fargo in connection with the opening and maintenance of accounts with Wells Fargo, including accounts like the NM IOLTA Account and the TX IOLTA Account in place during the period between January 1, 2017 and June 1, 2022.

27.    The policies and procedures for EDD at Wells Fargo regarding accounts maintained with Wells Fargo, including accounts like the NM IOLTA Account and the TX IOLTA Account in place during the period between January 1, 2017 and June 1, 2022.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page **13** of **38**

28.     The policies and procedures for KYC at Wells Fargo regarding accounts maintained with Wells Fargo, including accounts like the NM IOLTA Account and the TX IOLTA Account in place during the period between January 1, 2017 and June 1, 2022.

29.     The policies and procedures for CTR reporting at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

30.     The policies and procedures for opening depository accounts at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

31.     The policies and procedures for opening IOLTA accounts at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

32.     If different from Request No. 32, the policies and procedures for opening IOLTA accounts in the State of New Mexico at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

33.     The policies and procedures for closing IOLTA accounts at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

34.     If different from Request No. 33, the policies and procedures for closing IOLTA accounts in the State of New Mexico at Wells Fargo in place during the period between January 1, 2017 and June 1, 2022.

35.     The policies and procedures in place for "Red Flag" monitoring and reporting during the period between January 1, 2017 and the June 1, 2022.

36.     The policies and procedures in place for 314(a) Reporting during the period between January 1, 2017 and June 1, 2022.

37.     The policies and procedures in place for 314(b) Reporting during the period between January 1, 2017 and June 1, 2022.

38.     The policies and procedures in place for mortgage payment fraud identification and management in place during the period between January 1, 2017 and June 1, 2022.

39.     Policies and procedures in place for the processing of notifications received from external parties, including but not limited to, correspondence from State Bar associations during the period between January 1, 2017 and June 1, 2022.

40.     Policies and procedures in place regarding blocking or refusing a transaction due to suspected fraud, money-laundering, or other criminal activity during the period between January 1, 2017 and June 1, 2022.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **14** of **38**

41.     Policies and procedures in place regarding the processing, acceptance, and/or rejection of wire transfers during the period between January 1, 2017 and June 1, 2022.

42.     Policies and procedures in place for the management or handling of non-sufficient funds ("NSF") transactions during the period between January 1, 2017 and June 1, 2022.

43.     Policies and procedures in place for operational risk management during the period between January 1, 2017 and June 1, 2022.

44.     Policies and procedures in place regarding operational risk events during the period between January 1, 2017 and June 1, 2022.

45.     Policies and procedures in place regarding compliance management during the period between January 1, 2017 and June 1, 2022.

46.     Policies and procedures in place regarding compliance testing during the period between January 1, 2017 and June 1, 2022.

47.     Policies and procedures in place regarding operational controls testing during the period between January 1, 2017 and June 1, 2022.

48.     Policies and procedures in place regarding controls testing during the period between January 1, 2017 and June 1, 2022.

49.     Audit policies and procedures in place during the period between January 1, 2017 and June 1, 2022.

50.     All documentation and model validation results for the software platform "Actimize", including:

        a.  Independent model valuation results

        b.  Model findings and remediation status

        c.  The listing of each BSA and fraud transaction monitoring parameter included in Actimize during the period January 1, 2017 through June 1, 2022.

        d.  If different from 51.c, the listing of each BSA and fraud transaction monitoring parameter included in Actimize during the period June 2, 2022 through the present.

51.     The listing of each BSA and fraud transaction monitoring parameter utilized by Wells Fargo outside of the Actimize program during the period January 1, 2017 through June 1, 2022.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                         Page **15** of **38**

52.   If different from Request No. 52, the listing of each BSA and fraud transaction monitoring parameter utilized by Wells Fargo outside of the Actimize program during the period June 2, 2022 through the present.

53.   All documents and model validation results for each fraud model and/or protocol used to monitor each account at Wells Fargo on which Christopher John Pettit was a signatory between January 1, 2017 and the date of the closing of each such account.

54.   All documents which reflect the risk rating methodology used by Wells Fargo in connection with its BSA/AML and fraud prevention systems.

55.   All documents which reflect the parameters for the following transaction and monitoring triggers for fraud and BSA/AML violations:

   a. Velocity;

   b. Unexpected or unusual activity;

   c. Suspicious activity;

   d. Cash in and cash out;

   e. Structuring.

56.   All documents relating to transaction monitoring in connection with the following accounts:

   a. NM IOLTA Account

   b. TX IOLTA Account

   c. Account No. 4978 (checking account)

   d. Account No. 9746 (checking account)

   e. Account No. 3043 (Visa account)

   f. Account No. 3050 (Visa account)

   g. Account No. 5032 (IOLTA account)

57.   All documents reflecting the expected activity as of the account opening of the following accounts:

   a. NM IOLTA Account

   b. TX IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **16** of **38**

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

58.   All documents reflecting the monitoring triggers that were activated by activity in the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   58Account No. 5032 (IOLTA account)

59.   Each document which reflects reporting or action that was triggered when the NM IOLTA Account became active in April 2021.

60.   Each UAR prepared and/or filed in connection with the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

61.   Each document that reflects, refers to, or addresses any decision to conduct or refrain from conducting EDD in connection with the following accounts:

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant       Page **17** of **38**

a.   NM IOLTA Account

b.   TX IOLTA Account

c.   Account No. 4978 (checking account)

d.   Account No. 9746 (checking account)

e.   Account No. 3043 (Visa account)

f.   Account No. 3050 (Visa account)

g.   Account No. 5032 (IOLTA account)

62.   Each Document that reflects any investigation by any personnel on the fraud team of Wells Fargo of any transaction in any of the following accounts:

a.   NM IOLTA Account

b.   TX IOLTA Account

c.   Account No. 4978 (checking account)

d.   Account No. 9746 (checking account)

e.   Account No. 3043 (Visa account)

f.   Account No. 3050 (Visa account)

g.   Account No. 5032 (IOLTA account)

63.   Each Document that reflects any investigation by any personnel on the BSA/AML team of Wells Fargo of any transaction in any of the following accounts:

a.   NM IOLTA Account

b.   TX IOLTA Account

c.   Account No. 4978 (checking account)

d.   Account No. 9746 (checking account)

e.   Account No. 3043 (Visa account)

f.   Account No. 3050 (Visa account)

g.   Account No. 5032 (IOLTA account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **18** of **38**

64.     Each document that reflects any investigation by any personnel under the control of Wells Fargo related to any CTR generated between January 1, 2017 and June 1, 2022 in the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

65.     Each document that reflects or refers to any 314(b) notification sent or received by Wells Fargo related to any of the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

66.     Each document that reflects or refers to any action taken by or on behalf of Wells Fargo related to any subpoena received by Wells Fargo regarding Christopher John Pettit.

67.     Each document that reflects or refers to the risk rating associated with Christopher John Pettit and any change in that risk rating between January 1, 2017 and June 1, 2022.

68.     If different from the response to Request No. 68, each document that reflects the risk rating associated with Chris Pettit & Associates, P.C. and any change in that risk rating between the January 1, 2017 and June 1, 2022.

69.     Each document that reflects any communication generated by or received by Wells Fargo related to transaction activity in the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **19** of **38**

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

70.   Each document that reflects an outgoing transaction that was blocked or paused in the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

71.   If different from the response to Request No. 71, each document that reflects the date and reason for the blocking or pausing of the outgoing transaction.

72.   Each document that reflects the percentage of all outgoing transactions that were blocked by Wells Fargo for suspected fraud in the following types of accounts:

    a.  All deposit accounts

    b.  IOLTA accounts

    c.  NM IOLTA Account

    d.  TX IOLTA Account

    e.  Account No. 4978 (checking account)

    f.  Account No. 5032 (IOLTA account)

73.   Each document that reflects the percentage of outgoing blocked transactions reflected in the response to Request No. 73 that were cured.

74.   Each document included in the Operational Risk reporting at Wells Fargo that reflects findings, actions and/or remediation status regarding first party fraud monitoring, reporting and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant      Page **20** of **38**

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

75.  Each document included in the Operational Risk reporting at Wells Fargo that reflects findings, actions and/or remediation status regarding BSA monitoring, reporting, and/or investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

76.  Each document included in the Operational Risk reporting at Wells Fargo that reflects findings, actions and/or remediation status regarding account closure processes for suspected fraud that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

77.  Each document included in the Operational Risk reporting at Wells Fargo that reflects findings, actions and/or remediation status regarding account closure processes for suspected BSA/AML violation hat were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

78.  Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding IOLTA account opening, managing and monitoring processes.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page **21** of **38**

79.   Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding CTR reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

80.   Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding UAR monitoring and reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

81.   Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding CDD monitoring and reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

82.   Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding EDD monitoring and reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **22** of **38**

83.    Each document included in the Operational Risk reporting at Wells Fargo that reflects the findings, actions and/or remediation status regarding wire transfer monitoring and reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 5032 (IOLTA account)

84.    Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to first party fraud monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

85.    Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to BSA monitoring, reporting, and investigation (excluding actual SARs) processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **23** of **38**

g.  Account No. 5032 (IOLTA account)

86.  Each Document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to account closure for suspected fraud or BSA/AML violations processes that were applicable to  the following accounts:

a.  NM IOLTA Account

b.  TX IOLTA Account

c.  Account No. 4978 (checking account)

d.  Account No. 9746 (checking account)

e.  Account No. 3043 (Visa account)

f.  Account No. 3050 (Visa account)

g.  Account No. 5032 (IOLTA account)

87.  Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to IOLTA Account opening, managing and monitoring processes.

88.  Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to CTR reporting processes that were applicable to the following accounts:

a.  NM IOLTA Account

b.  TX IOLTA Account

c.  Account No. 4978 (checking account)

d.  Account No. 9746 (checking account)

e.  Account No. 3043 (Visa account)

f.  Account No. 3050 (Visa account)

g.  Account No. 5032 (IOLTA account)

89.  Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to UAR reporting processes that were applicable to the following accounts:

a.  NM IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **24** of **38**

     b.  TX IOLTA Account

     c.  Account No. 4978 (checking account)

     d.  Account No. 9746 (checking account)

     e.  Account No. 3043 (Visa account)

     f.  Account No. 3050 (Visa account)

     g.  Account No. 5032 (IOLTA account)

90.  Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to CDD reporting processes that were applicable to the following accounts:

     a.  NM IOLTA Account

     b.  TX IOLTA Account

     c.  Account No. 4978 (checking account)

     d.  Account No. 9746 (checking account)

     e.  Account No. 3043 (Visa account)

     f.  Account No. 3050 (Visa account)

     g.  Account No. 5032 (IOLTA account)

91.  Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to EDD reporting processes that were applicable to the following accounts:

     a.  NM IOLTA Account

     b.  TX IOLTA Account

     c.  Account No. 4978 (checking account)

     d.  Account No. 9746 (checking account)

     e.  Account No. 3043 (Visa account)

     f.  Account No. 3050 (Visa account)

     g.  Account No. 5032 (IOLTA account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant     Page **25** of **38**

92.     Each document reflecting the operational risk and control self-assessment included in any internal reporting at Wells Fargo related to wire transfer reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

93.     Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding first party fraud monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

94.     Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding BSA monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                                    Page **26** of **38**

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

95.    Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding account closure for suspected fraud processes that were applicable to the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

96.    Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding account closure for suspected BSA/AML violations (excluding SAR's) processes that were applicable to the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

97.    Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding account opening,

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page **27** of **38**

monitoring, and managing processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 5032 (IOLTA account)

98. Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding CTR reporting processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 4978 (checking account)

    d. Account No. 9746 (checking account)

    e. Account No. 5032 (IOLTA account)

99. Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding UAR reporting processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 4978 (checking account)

    d. Account No. 9746 (checking account)

    e. Account No. 3043 (Visa account)

    f. Account No. 3050 (Visa account)

    g. Account No. 5032 (IOLTA account)

100. Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding CDD reporting processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant       Page **28** of **38**

    c.    Account No. 4978 (checking account)

    d.    Account No. 9746 (checking account)

    e.    Account No. 3043 (Visa account)

    f.    Account No. 3050 (Visa account)

    g.    Account No. 5032 (IOLTA account)

101.    Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding EDD reporting processes that were applicable to the following accounts:

    a.    NM IOLTA Account

    b.    TX IOLTA Account

    c.    Account No. 4978 (checking account)

    d.    Account No. 9746 (checking account)

    e.    Account No. 3043 (Visa account)

    f.    Account No. 3050 (Visa account)

    g.    Account No. 5032 (IOLTA account)

102.    Each document reflecting the independent Second Line Compliance Assessments included in any internal reporting at Wells Fargo regarding wire transfer activity processes that were applicable to the following accounts:

    a.    NM IOLTA Account

    b.    TX IOLTA Account

    c.    Account No. 4978 (checking account)

    d.    Account No. 9746 (checking account)

    e.    Account No. 5032 (IOLTA account)

103.    Each document reflecting independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding first party fraud monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.    NM IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page **29** of **38**

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

104. Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding BSA monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

105. Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding account closure for suspected fraud processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant        Page **30** of **38**

106. Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding account closure for suspected BSA/AML violations processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 4978 (checking account)

    d. Account No. 9746 (checking account)

    e. Account No. 3043 (Visa account)

    f. Account No. 3050 (Visa account)

    g. Account No. 5032 (IOLTA account)

107. Each document reflecting the independent Third Line Compliance Assessments included in any internal reporting at Wells Fargo regarding account opening, monitoring, and managing on the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 5032 (IOLTA account)

108. Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding CTR reporting processes that were applicable to the following accounts:

    a. NM IOLTA Account

    b. TX IOLTA Account

    c. Account No. 4978 (checking account)

    d. Account No. 9746 (checking account)

    e. Account No. 5032 (IOLTA account)

109. Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding UAR reporting processes that were applicable to the following accounts:

    a. NM IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page 31 of 38

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

110.  Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding CDD reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

111.  Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding EDD reporting processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant    Page **32** of **38**

112.   Each document reflecting the independent Third Line Audit Reporting included in any internal reporting at Wells Fargo regarding wire transfer activity processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 5032 (IOLTA account)

113.   Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding first party fraud monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

    f.  Account No. 3050 (Visa account)

    g.  Account No. 5032 (IOLTA account)

114.   Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding BSA monitoring, reporting, and investigation processes that were applicable to the following accounts:

    a.  NM IOLTA Account

    b.  TX IOLTA Account

    c.  Account No. 4978 (checking account)

    d.  Account No. 9746 (checking account)

    e.  Account No. 3043 (Visa account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                Page **33** of **38**

  f. Account No. 3050 (Visa account)

  g. Account No. 5032 (IOLTA account)

115. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding account closure for suspected fraud processes that were applicable to the following accounts:

  a. NM IOLTA Account

  b. TX IOLTA Account

  c. Account No. 4978 (checking account)

  d. Account No. 9746 (checking account)

  e. Account No. 3043 (Visa account)

  f. Account No. 3050 (Visa account)

  g. Account No. 5032 (IOLTA account)

116. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding account closure for suspected BSA/AML violations (excluding SAR's) processes that were applicable to the following accounts:

  a. NM IOLTA Account

  b. TX IOLTA Account

  c. Account No. 4978 (checking account)

  d. Account No. 9746 (checking account)

  e. Account No. 3043 (Visa account)

  f. Account No. 3050 (Visa account)

  g. Account No. 5032 (IOLTA account)

117. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding account opening, monitoring, and managing processes that were applicable to the following accounts:

  a. NM IOLTA Account

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant  Page **34** of **38**

      b. TX IOLTA Account

      c. Account No. 5032 (IOLTA account)

118. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding CTR reporting processes that were applicable to the following accounts:

      a. NM IOLTA Account

      b. TX IOLTA Account

      c. Account No. 4978 (checking account)

      d. Account No. 9746 (checking account)

      e. Account No. 5032 (IOLTA account)

119. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding UAR reporting processes that were applicable to the following accounts:

      a. NM IOLTA Account

      b. TX IOLTA Account

      c. Account No. 4978 (checking account)

      d. Account No. 9746 (checking account)

      e. Account No. 3043 (Visa account)

      f. Account No. 3050 (Visa account)

      g. Account No. 5032 (IOLTA account)

120. Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding CDD reporting processes that were applicable to the following accounts:

      a. NM IOLTA Account

      b. TX IOLTA Account

      c. Account No. 4978 (checking account)

      d. Account No. 9746 (checking account)

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant        Page **35** of **38**

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

121.   Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding EDD reporting processes that were applicable to the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 3043 (Visa account)

    f.   Account No. 3050 (Visa account)

    g.   Account No. 5032 (IOLTA account)

122.   Each document reflecting any other risk or control reporting, including findings, actions, and remediation status included in any internal or external reporting regarding wire transfer activity processes that were applicable to the following accounts:

    a.   NM IOLTA Account

    b.   TX IOLTA Account

    c.   Account No. 4978 (checking account)

    d.   Account No. 9746 (checking account)

    e.   Account No. 5032 (IOLTA account)

123.   Each document reflecting the findings of the OCC regarding matters requiring attention, matters requiring immediate attention and/or consent orders that are not protected by confidentiality and that relate to control weaknesses in transaction monitoring, account opening, account closing, or any other aspect related to identifying, assessing, monitoring or mitigating fraud or criminal activity by a customer.

124.   Each document reflecting the findings of the FDIC regarding matters requiring attention, matters requiring immediate attention and/or consent orders that are not

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **36** of **38**

protected by confidentiality and that relate to control weaknesses in transaction monitoring, account opening, account closing, or any other aspect related to identifying, assessing, monitoring or mitigating fraud or criminal activity by a customer.

125.   Each document reflecting the findings of the Federal Reserve  regarding matters requiring attention, matters requiring immediate attention and/or consent orders that are not protected by confidentiality and that relate to control weaknesses in transaction monitoring, account opening, account closing, or any other aspect related to identifying, assessing, monitoring or mitigating fraud or criminal activity by a customer.

126.   Each document reflecting the course curriculum, required reading, and required testing, if any, for the following operational areas of Wells Fargo in place between January 1, 2017 and June 1, 2022 for the following processes:

   a.  Account opening

   b.  IOLTA Account opening

   c.  KYC

   d.  Suspicious account activity

   e.  Fraud

   f.  Wire activity

   g.  Operational risk

   h.  Compliance

127.   Each document reflecting the performance review criteria for the following employees (whether current or former) of Wells Fargo:

   a.  Maria Breen

   b.  Mark Pope

   c.  Eliza Gomez

128.   Each document reflecting the compensation, inclusive of salary and bonuses, for the following employees (whether current or former) of Wells Fargo:

   a.  Maria Breen

   b.  Mark Pope

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant                    Page **37** of **38**

      c.  Eliza Gomez

129.   Any information relating to Pettit that is stored in, generated by, or derived from a CRM.

130.   Any information relating to Pettit that is stored in, generated by, or derived from a CXM.

131.   Any information relating to CP&A that is stored in, generated by, or derived from a CRM.

132.   Any information relating to CP&A that is stored in, generated by, or derived from a CXM.

Case No. 5:24-cv-00229
*Mark Verstuyft, et al. vs. Wells Fargo Bank, et al.*
Plaintiff's First Request for Production to Defendant         Page **38** of **38**