**Exhibit A**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK VERSTUYFT, ROBIN VERSTUYFT, GORDON KUENEMANN, WENDY KUENEMANN, EARL BEYER and KENNETH BEYER** | § § § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **Case No. 5:24-cv-00229** |
| **WELLS FARGO BANK, N.A. and WELLS FARGO NATIONAL BANK WEST** | § § § § | |
| **Defendants.** | § § | |

**RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Now Comes, Robin Verstuyft, Mark Verstuyft, Gordon Kuenemann, Wendy Kuenemann, Earl Beyer, and Kenneth Beyer (as the co-trustees of the Beyer Living Trust (collectively the "Plaintiffs") and file this *Response in Opposition to Defendants' Motion for Leave to Designate Responsible Third Parties* ("RTP Motion") filed by Wells Fargo Bank, N.A. and Wells Fargo National Bank West (collectively "Wells Fargo") and would show as follows:

**SUMMARY OF RESPONSE**

1.      The RTP Motion should be denied in its entirety because Wells Fargo failed to timely designate those persons and entities which it had actual knowledge of at the time that the Rule 26 Initial Disclosures (the "Rule 26 Disclosures") were due as mandated by Paragraph 1 of the Scheduling Order, *infra.*, and because the statute of limitations has run as to the tort claims assertable against the persons and entities which Wells Fargo

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 1

seeks and is eligible to designate as Responsible Third Parties under § 33.004 of the Texas Civil Practices and Remedies Code.

2.       "Section 33.004 allows a defendant to designate as responsible third parties entities or individuals who are not parties to the suit but whose fault will be submitted to the fact-finder.  The responsible-third-party provision "applies to all common law torts and statutory torts that do not have a separate and conflicting fault allocation scheme."[1]

3.       Plaintiffs contend, though it is undeterminable from the Defendants' Answer [ECF No. 12] or the Motion for Leave to Designate Responsible Third Parties [ECF No. 44], that the only causes of action asserted by the Plaintiffs in this case against Wells Fargo that are subject to the responsible third-party provisions of Section 33.004 are the negligence and gross negligence claims.[2]  The statute of limitations applicable to negligence and gross negligence claims, as discussed hereinafter, sets limitations at two years from the date on which the act occurred or could have been discovered.

## PROCEDURAL BACKGROUND

4.       This matter was originally filed in the administratively consolidated bankruptcy proceeding of Chris Pettit & Associates, P.C. ("CP&A") and Christopher John Pettit ("Pettit") under Adversary Number 23-05039 which was pending before the Hon. Craig Gargotta, Chief U.S. Bankruptcy Judge, Western District of Texas, San Antonio Division (the "CP&A Adversary").  The CP&A Adversary was initiated on May 1, 2023.  Wells Fargo asserted neither cross nor counter claims in the CP&A Adversary.

---

[1]      *Gutierrez v. Tractor Supply Co.*, 2018 U.S. Dist. LEXIS 102971, at *3 (citing *Hernandez v. Bumbo (Pty) Ltd.*, No. 3:13-cv-1213-M, 2014 U.S. Dist. LEXIS 30392, at *3 (N.D. Tex. Mar. 10, 2014)); *Martinez v. Davis*, No. EP-16-CV-00156-PRM, 2016 U.S. Dist. LEXIS 197018, at *8 (W.D. Tex. 2016).
[2]      *See* ECF No. 1, Count III, pg. 54 ¶¶ 80– 86.

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                                    Page | 2

5.      The CP&A Adversary consisted of the following plaintiffs:  Eric Terry, as the Chapter 11 Trustee for the Estate of CP&A (the "CP&A Trustee"), Robin Verstuyft, Mark Verstuyft, and the Beyer Living Trust.  Upon demand by Wells Fargo, the claims asserted by the CP&A Trustee were compelled to arbitration, which is presently pending as a Private Arbitration.  Wells Fargo has not asserted any counterclaims against CP&A.

6.      Thereafter, Wells Fargo, Robin Verstuyft, Mark Verstuyft, and the Beyer Living Trust entered into the *Stipulation Pursuant to Rule 41 F.R.C.P. Dismissing Claims of Mark Verstuyft, Robin Verstuyft, and The Beyer Living Trust Against Wells Fargo Bank, N.A. and Wells Fargo National Bank West Without Prejudice and Stipulation Regarding Service and Rule Rights* (the "Wells Stipulation").  Adv. ECF No. 127.  The Wells Stipulation permitted the consensual dismissal without prejudice and refiling of the claims asserted by Robin Verstuyft, Mark Verstuyft, and the Beyer Living Trust in the case pending before this Court.  The instant proceeding was filed pursuant to the Wells Stipulation with the substantially identical claims of Gordon and Wendy Kuenemann being added.

7.      Following the Agreed Scheduling Recommendations filed in this proceeding (ECF No. 24), the Court entered its Scheduling Order.  ECF No. 34.  Pursuant to Paragraph 1 of the Scheduling Order, the parties must disclose the identity of any known potential responsible third parties along with the submission of the Rule 26 Disclosures. Paragraph 3 of the Scheduling Order states that "[t]o the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is August 9, 2024."  This provision must be read in conjunction with Paragraph 1, as it is meant for disclosure of

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 3

responsible third parties whose identities were **unknown** at the time the Rule 26 Disclosures were due.  Wells Fargo failed to timely designate responsible third parties, as each of the proposed responsible third parties were known in advance of the Rule 26 Disclosure deadline.

8.      Wells Fargo's reliance on Tex. Civ. Prac. & Rem. Code § 33.004(a), which states that a "motion [for leave to designate responsible third parties] must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date," is misplaced.  As explained further in the analysis below, Texas courts agree that the 60-day timeline is inapplicable to federal cases—as is any state law procedural deadline that would conflict with the Scheduling Order.

9.      Plaintiffs will show, through this response in opposition, that Wells Fargo had actual knowledge of every party it is now attempting to shift blame to well in advance of both the expiration of the statute of limitations as well as the deadline required by the Scheduling Order.

## ARGUMENT AND AUTHORITIES

### A.      Responsible Third Parties

10.     The purpose of the Texas Responsible Third-Party Statute is to allow a jury to "apportion responsibility to a third party, even if that person has not been joined as a party to the lawsuit."  *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014).  Section 33.004(a) authorizes a **tort** defendant to seek leave of court to designate a person as a responsible third party by filing a motion for leave on or before the 60th day before the trial.  Tex. Civ. Prac. & Rem. Code § 33.004(a) (emphasis added).

11.     If a motion for leave is timely, which is not the case here, but filed "after the

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 4

applicable limitations period on the cause of action has expired with respect to the responsible third party," the defendant ***may not*** designate the person as a responsible third party if the defendant has "failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."  Tex. Civ. Prac. & Rem. Code § 33.004(d).

12.     Designation of a responsible third party may also be denied if an objection to the motion for leave is timely filed and the objecting party establishes the defendant did not plead sufficient facts concerning the alleged responsibility of the person.  Tex. Civ. Prac. & Rem. Code § 33.004(f).  These constraints exist even though neither designating a person as a responsible third party, nor a finding of fault against the person, imposes liability on that person or provides a basis to impose liability on the person in any other proceeding.  Tex. Civ. Prac. & Rem. Code § 33.004(i).

13.     Wells Fargo asserts that § 33.004 of the Texas Civil Practice and Remedies Code applies in a diversity case.  However, the Western District—and other federal courts in Texas—narrowly accept § 33.004's applicability to federal diversity cases, stating District Courts have "held that procedural aspects of Texas's proportionate responsibility statute, such as its requirement that motions to designate responsible third parties be filed sixty days prior to trial, ***do not apply in federal court***, where deadlines established by Federal Rule of Civil Procedure 16 scheduling orders govern instead."  *Guadian v. Debtblue LLC*, No. EP-23-CV-329-KC, 2024 U.S. Dist. LEXIS 6399, at *5 (W.D. Tex. 2024), 2024 U.S. Dist. LEXIS 6399, at *n.1 (emphasis added); *Guadian v. Americor Funding LLC*, No. EP-23-CV-310-KC, 2024 U.S. Dist. LEXIS 68967, at *2 (W.D. Tex. 2024); *Black Mt. Sand, LLC v. N. Ala. Fabricating Co., Inc.*, No. 5-22-CV-00281-XR, 2022

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 5

U.S. Dist. LEXIS 246389, at *5 (W.D. Tex. 2022) (The Western District of Texas treats "the limitations deadline in § 33.004(d) as procedural and thus not binding in federal court," and looks only to the Scheduling Order).  Unlike the Black Mountain Sand case, but in keeping with the Court's line of logic, Wells Fargo's motion must be denied due to its untimeliness as to both the Scheduling Order and the applicable statute of limitations.

14.     Pursuant to the above discussed law, Wells Fargo's motion for leave to designate responsible third parties must be denied, as it fails to fulfil the requirements under Texas and Federal law.  First, the Rule 16 Scheduling Order between the parties unequivocally states that responsible third parties whose identities are known must be disclosed and provided to the other parties with the Rule 26 Disclosures.  Second, the two-year statute of limitations period on the negligence and gross negligence causes of action has expired with respect to the purported Third Parties.  Third, Wells Fargo did not plead sufficient facts concerning the alleged responsibility of any Third Parties.

**I.     The Rule 16 Scheduling Order between the parties governs deadlines, and Wells Fargo failed to timely disclose potential responsible third parties.**

15.     Paragraph 1 of the Scheduling Order in this case states "[p]arties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  To the extent a defendant ***knows the identity*** of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, ***such identity is subject to disclosure*** under Rule 26(a)(1)(A)(i)."  ECF No. 34 (emphasis added).  Section 26(a)(1)(A)(i) states "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, ***a party must, without awaiting a discovery request, provide to the other parties*** . . . the name and, if known, the address and telephone number of each individual

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                     Page | 6

likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

16.    The Scheduling Order includes a deadline to file a motion to designate responsible third parties of August 9, 2024, however, this deadline serves as a hard stop for any responsible third party that was **_unknown_** to Wells Fargo until **_after_** the Rule 26 Disclosures were due.  Crucial to this is the fact that Wells Fargo had all of the information necessary to timely make the disclosure of responsible third parties on the earlier of the 341 meeting in the Consolidated Bankruptcy Proceedings,[3] or when, on information and belief, it requested and received the October 2022 Rule 2004 Oral and Videotaped Examination of Christopher John Pettit taken on October 6 & 14, 2022 (the "Pettit 2004 Exam"), each of which were substantially prior to the Rule 26 Disclosure deadline.  As to the New Mexico Bar Association, Wells Fargo had actual knowledge of this Third Party not later than the spring of 2023 at the time the Rule 2004 examinations of the representatives of Wells Fargo were conducted by the Verstuyft and Beyer Plaintiffs.  As such, Wells Fargo was required, but failed to timely identify any of the persons or entities which it seeks to submit to the jury in this case as responsible third parties.

17.    Although Wells Fargo undisputedly had actual knowledge of each of the proposed responsible third parties, its Rule 26 Disclosures, submitted June 12, 2024, named only the Plaintiffs, Pettit, the Trustee, and various entities, such as title companies, as persons or entities that "may have knowledge and information pertaining to the facts,

---

[3]     Case No.22-50591 Chris Pettit & Associates, P.C. and Case No. 22-50592 In re: Christopher John Pettit.

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                         Page | 7

allegations and defenses set forth in this lawsuit" and with no reference to possible third party liability.  A true and correct copy of Wells Fargo's Rule 26 Disclosures is attached hereto as **<u>Exhibit A</u>** and is incorporated herein by reference for all purposes.  Wells Fargo proposes to designate Pettit, CP&A, Robert Walsh, Christa Samaniego, Sam Sanchez, John Buxie, Shayla San Miguel Gongora Aston, Amalio Soto, and The New Mexico Bar Association as responsible third parties (the "<u>Third Parties</u>"), notwithstanding the fact that none of these parties were disclosed as potential responsible third parties when required nor are they conceivably culpable for the failure of Wells Fargo to comply with their internal policies or the federal regulations which govern them.  *See* ECF No. 44, ¶ 7.   A further analysis of the role of the parties that Wells Fargo attempts to designate, and their relationship to the claims asserted, is attached hereto as **<u>Exhibit B</u>** and is incorporated herein by reference for all purposes.

18.    Simply put, Wells Fargo had all of the information necessary to identify and describe—and therefore disclose—all of the Third Parties which it is now attempting to designate over two months past its deadline to do so.

## II.    The two-year limitations period on the causes of action has expired as to the alleged Responsible Third Parties.

19.    The only claims asserted against Wells Fargo that are applicable to the designation of responsible third parties are for negligence and gross negligence. Pursuant to Tex. Civ. Prac. & Rem. Code § 16.003, the statute of limitations for negligence and gross negligence causes of action under Texas law is two years.[4]  *See,*

---

[4]    Plaintiffs recognize that the statute of limitations for breach of fiduciary duty and fraud is four years. *See* Tex. Civ. Prac. & Rem. Code § 16.004.  Wells Fargo's Answer is devoid of any reference to third party culpability on any claim asserted by the Plaintiffs.  ECF No. 12.

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 8

*e.g.*, *Waxler v. Household Credit Servs.*, 106 S.W.3d 277, 279 (Tex. App.—Dallas 2003, no pet.).   The two-year statute of limitations begins the day after the cause of action accrues.   *Id.*   The Texas Supreme Court has long held that a cause of action sounding in tort generally accrues after a legal injury is sustained.   *Atkins v. Crosland*, 417 S.W.2d 150, 153, 10 Tex. Sup. Ct. J. 506 (Tex. 1967).   The Kuenemann theft occurred on November 4, 2021, the Verstuyft theft occurred on April 18, 2022, and the Beyer theft occurred on May 11, 2022; knowledge of each event was within the actual knowledge of Wells Fargo.   Therefore, any cause of action accrued, and the limitations clock was running as of May 12, 2022, at the latest.

20.     Federal courts uphold the statute of limitations requirement strictly for very good cause.   If a defendant is allowed to designate responsible third parties after the applicable statute of limitations has expired, "the plaintiff is precluded by limitations from seeking recovery on the basis of that third party's fault," which further creates "an unfair burden at trial, as the plaintiff has to attempt to exonerate the judgment-proof third party, in addition to building a case against the defendant."   *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 689 (E.D. Tex. 2014).

### III.     Wells Fargo did not plead sufficient facts concerning the alleged responsibility of the Third Parties.

21.     The Western District has held that a motion to designate a responsible third party falls outside the federal scope of a "pleading," and is therefore governed by the pleading standard of Tex. R. Civ. P. 47(a).   *E.g.*, *Martinez v. Davis*, No. EP-16-CV-00156-PRM, 2016 U.S. Dist. LEXIS 197018, at *15–16 (W.D. Tex. 2016); *Mendez v. Caterpillar Inc.*, No. SA09-CA-978-XR, 2011 U.S. Dist. LEXIS 151697, at *71 (W.D. Tex. Dec. 16, 2011).   Rule 47(a) states that "[a]n original pleading which sets forth a claim for relief,

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                         Page | 9

whether an original petition, counterclaim, cross-claim, or third party claim, shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a).

22.     Wells Fargo's answer does not meet the pleading threshold, even by the notice pleading standard in Texas.  According to Rule 47, a sufficient pleading is one that gives "notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense."  *Brown v. Eaves*, Civil Action No. 4:21-cv-959-KPJ, 2023 U.S. Dist. LEXIS 11141, at *15 (E.D. Tex. 2023).  Further, defendant need only plead facts "capable of showing how the third-parties they seek to designate as responsible third-parties cause or contributed to [the] alleged injury, not to their own conduct."  *PEMEX Exploración y Producción v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 981 (S.D. Tex. 2013)).

23.     In Wells Fargo's Answer, where a laundry list of affirmative defenses can be found, it states "Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated to the extent which their losses were caused by 'responsible third parties.' Tex. Civ. Prac. & Rem Code § 33.004."  ECF No. 12, at 21.  Nowhere else in the pleading does Wells Fargo make any implication sufficient to put Plaintiffs on notice that they must prepare a defense, nor does it show how another's conduct was a cause or contributing factor to Plaintiffs' harm.  *See id.*  Wells Fargo also failed to amend their Answer before the expiration of the pleading deadline to attempt to state with any particularity a claim against any responsible third-party.

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                        Page | 10

**B.    If Wells Fargo had timely designated responsible third parties, Plaintiffs would currently be submitting a Motion to Strike.**

24.    If responsible third parties are timely designated, after an adequate time for discovery has passed, a party may move to strike the designation "on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage."  *In re Molina*, 575 S.W.3d 76, 80 (Tex. App.—Dallas 2019, no pet.); Tex. Civ. Prac. & Rem. Ann. § 33.004(l).  "The court **shall grant the motion to strike** unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage."  *In re Molina*, 575 S.W.3d 76, 80 (Tex. App.—Dallas 2019, no pet.).  The standard for the trial court to rely on is whether the defendant produced "sufficient evidence, more than a scintilla, for a reasonable jury to find the responsible third party responsible."  *Id.*

25.    In direct consequence of Wells Fargo's untimely motion, Plaintiffs have been afforded no opportunity to investigate and conduct discovery regarding these new claims.  In addition, because the limitations have expired, Wells Fargo should not be able to cast doubt on their liability or attempt to create Third Party liability in front of a jury where Plaintiffs cannot pursue any other party.

26.    Plaintiffs ask the Court to treat this as an objection to preserve their right to file a Motion to Strike once Wells Fargo properly and fully responds to discovery.

**I.    It is impossible for any of the parties included in Wells Fargo's motion have any responsibility for the claims asserted against Wells Fargo.**

27.    The claims asserted against Wells Fargo are for its negligence and gross negligence in the handling of its own accounts, specifically the NM IOLTA Account.  The

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 11

claims also concern Wells Fargo's grossly negligent avoidance of banking regulations and federal law.  Therefore, **Wells Fargo's actions** lead to the devastating harm suffered by the Plaintiffs.  The cause of the harm, however, is separate from the effect.  None of the parties to whom Wells Fargo is attempting to assign responsibility should have—or even COULD have—had any impact on Wells Fargo's lack of monitoring, compliance, investigation, and appropriate action in connection with its own IOLTA accounts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiffs respectfully request that the Court deny the Motion for Leave to Designate Responsible Third Parties, together with such other and further relief at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.  210.426.3600

By: /s/ Leslie M. Luttrell
    Leslie M. Luttrell
    State Bar No. 12708650
    luttrell@lclawgroup.net
    Jessica A. Henry
    State Bar No. 24119431
    jhenry@lclawgroup.net

**ATTORNEYS FOR ROBIN AND MARK VERSTUYFT AND GORDON AND WENDY KUENEMANN**

VILLA & WHITE, LLP
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.  210.225.4500

By: /s/ Morris E. "Trey" White III
    Morris E. "Trey" White III
    State Bar No. 24003162
    treywhite@villawhite.com

**ATTORNEYS FOR EARL BEYER AND KENNETH BEYER AS CO-TRUSTEES FOR THE BEYER LIVING TRUST**

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                    Page | 12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following by electronic service the 16th day of August 2024.

**Attorneys for Wells Fargo, N.A. and Wells Fargo National Bank West**

Thomas M. Farrell
MCGUIREWOODS LLP
845 Texas Avenue, Suite 2400
Houston, TX 77002
Email: tfarrell@mcguirewoods.com

Jarrod D. Shaw
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: jshaw@mcguirewoods.com

Nellie E. Hestin
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: nhestin@mcguirewoods.com

Alexander M. Madrid
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Email: amadrid@mguirewoods.com

/s/ Leslie M. Luttrell
Leslie M. Luttrell

No. 24-229 *Verstuyft, et al v. Wells Fargo Bank, N.A.*
Response In Opposition of Defendants' Motion for Leave to Designate
Responsible Third Parties                     Page | 13

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK VERSTUYFT, ROBIN** | § | |
| **VERSTUYFT, THE BEYER LIVING** | § | |
| **TRUST, GORDON KUENEMANN** | § | |
| **and WENDY KUENEMANN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No. 5:24-cv-00229** |
| **v.** | § | |
| | § | |
| **WELLS FARGO BANK, N.A. and** | § | |
| **WELLS FARGO NATIONAL BANK** | § | |
| **WEST,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT WELLS FARGO BANK, N.A. AND WELLS FARGO NATIONAL**
**BANK WEST'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Order Regarding Certain Pretrial Matters [ECF 20], Defendant Wells Fargo Bank, N.A. and Wells Fargo National Bank West (collectively, "Wells Fargo") hereby make their initial disclosures (the "Disclosures") to Plaintiffs Mark Verstuyft, Robin Verstuyft, the Beyer Living Trust, Gordon Kuenemann, and Wendy Kuenemann (collectively, "Plaintiffs").

**PRELIMINARY STATEMENT AND RESERVATIONS**

Wells Fargo has not completed discovery, its investigation or preparation for trial in this action. The information contained herein, as well as the documents identified and described below, are based only upon information presently available to Wells Fargo and is given in a good faith effort to comply with Fed. R. Civ. P. 26(a)(1). Nothing referenced herein should be construed as an admission or acceptance by Wells Fargo as to the admissibility or relevance of any document or fact. These Disclosures are therefore made without prejudice to Wells Fargo's right to produce,

1

pursuant to the Federal Rules of Civil Procedure or other applicable authority, any information which may be subsequently discovered or determined to be relevant to the subject matter of this action.  Accordingly, Wells Fargo expressly reserves its right to amend and/or supplement these Disclosures in accordance with subsequent developments in the case and information learned through discovery and its continued investigation into the allegations made by Plaintiffs.  These Disclosures should not be construed as prejudicing or in any way limiting Wells Fargo with respect to discovery or proof obligations.

Moreover, each of the following Disclosures is made subject to any and all objections, including, but not limited to, competency, materiality, relevance, propriety, admissibility, or any other grounds that would require their exclusion in any proceeding.  Any and all such objections and grounds are expressly reserved and may be interposed at any time, up to and including the time of trial. Wells Fargo generally asserts the attorney-client privilege, the protection of the attorney work product doctrine, and any other applicable privilege or protection (including, but not limited to, the bank examination privilege and prohibition on disclosure of information related to suspicious activity reporting) to any and all relevant documents which may exist and which are subject to these privileges. To the extent any such Disclosures inadvertently contain or refer to matters otherwise protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged; nor is the relevancy of any such matter conceded.

In addition to the Disclosures expressly set forth below, Wells Fargo incorporates by reference individuals, entities, documents and/or categories of documents identified in the initial disclosures (including any supplements) served by Plaintiffs in this action and in any related action,

2

and reserves the right to use, rely upon, seek discovery from, or call as witnesses those individuals, entities, documents, and/or categories of documents as if they were expressly identified herein.

## WELLS FARGO'S RULE 26 DISCLOSURES

1.   **Fed. R. Civ. P. 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

Wells Fargo has not fully completed its investigation and discovery concerning its defenses and potential claims. Wells Fargo will seek to discover the names and addresses of additional individuals likely to have discoverable information relevant to Wells Fargo's defenses and potential claims. Pursuant to the information presently known or available to Wells Fargo, and subject to the Preliminary Statement and Reservations set forth above, the following individuals have discoverable information about the subject matter of this lawsuit that Wells Fargo may use for support in this case:

| Individual with Discoverable Information | Contact Information | Subject of Information |
|---|---|---|
| Corporate Representative for Wells Fargo | c/o Thomas Farrell<br>Jarrod D. Shaw<br>Nellie E. Hestin<br>Alexander M. Madrid<br>**McGuireWoods LLP**<br>Texas Tower<br>845 Texas Ave., Suite 2400<br>Houston, Texas 77002<br>(713) 571-9191 | Wells Fargo has knowledge regarding facts relevant to this action and Wells Fargo's defenses asserted therein, including without limitation, the accounts maintained at Wells Fargo by Christopher J. Pettit and Chris Pettit & Associates ("CP&A"). |
| Mark Verstuyft | c/o Leslie M. Luttrell<br>LUTTRELL CARMODY LAW GROUP<br>100 NE Loop 410, Ste. 615<br>San Antonio, TX 78216<br>Email: luttrell@lclawgroup.net | Mark Verstuyft is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between him and Christopher J. Pettit and his law firm, CP&A, the amounts he voluntarily paid to Christopher J. Pettit and CP&A for |

| Individual with Discoverable Information | Contact Information | Subject of Information |
|---|---|---|
| | | services, the nature of the services he received from Christopher J. Pettit and CP&A, and the damages he alleges he is entitled to by way of this lawsuit. |
| Robin Verstuyft | c/o Leslie M. Luttrell LUTTRELL CARMODY LAW GROUP 100 NE Loop 410, Ste. 615 San Antonio, TX 78216 Email: luttrell@lclawgroup.net | Robin Verstuyft is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between her and Christopher J. Pettit and his law firm, CP&A, the amounts she voluntarily paid to Christopher J. Pettit and CP&A for services, the nature of the services she received from Christopher J. Pettit and CP&A, and the damages she alleges she is entitled to by way of this lawsuit. |
| Earl Beyer as co-trustee of the Beyer Living Trust | c/o Morris Eugene White, III. VILLA & WHITE LLP 100 NE Loop 410 Suite 615 San Antonio, TX 78216 treywhite@villawhite.com | Earl Beyer, in his capacity as co-trustee of the Beyer Living Trust (the "Trust"), is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between the Trust and Christopher J. Pettit and his law firm, CP&A, the amounts the Trust voluntarily paid to Christopher J. Pettit and CP&A for services, the nature of the services the Trust received from Christopher J. Pettit and CP&A, and the damages the Trust alleges it is entitled to by way of this lawsuit. |
| Kenneth Beyer as co-trustee of the Beyer Living Trust | c/o Morris Eugene White, III. VILLA & WHITE LLP 100 NE Loop 410 Suite 615 San Antonio, TX 78216 treywhite@villawhite.com | Kenneth Beyer, in his capacity as co-trustee of the Trust, is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between the Trust and Christopher J. Pettit and his law firm, CP&A, the amounts the Trust voluntarily paid to Christopher J. Pettit |

| Individual with Discoverable Information | Contact Information | Subject of Information |
|---|---|---|
| | | and CP&A for services, the nature of the services the Trust received from Christopher J. Pettit and CP&A, and the damages the Trust alleges it is entitled to by way of this lawsuit. |
| Gordon Kuenemann | c/o Leslie M. Luttrell LUTTRELL CARMODY LAW GROUP 100 NE Loop 410, Ste. 615 San Antonio, TX 78216 luttrell@lclawgroup.net | Gordon Kuenemann is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between him and Christopher J. Pettit and his law firm, CP&A, the amounts he voluntarily paid to Christopher J. Pettit and CP&A for services, the nature of the services he received from Christopher J. Pettit and CP&A, and the damages he alleges he is entitled to by way of this lawsuit. |
| Wendy Kuenemann | c/o Leslie M. Luttrell LUTTRELL CARMODY LAW GROUP 100 NE Loop 410, Ste. 615 San Antonio, TX 78216 luttrell@lclawgroup.net | Wendy Kuenemann is a Plaintiff in this lawsuit, and therefore has knowledge regarding the facts and allegations asserted against Wells Fargo, including without limitation, the scope of the relationship between her and Christopher J. Pettit and his law firm, CP&A, the amounts she voluntarily paid to Christopher J. Pettit and CP&A for services, the nature of the services she received from Christopher J. Pettit and CP&A, and the damages she alleges she is entitled to by way of this lawsuit. |
| Christopher J. Pettit | Karnes City Detention Facility 810 Commerce Street Karnes City, Texas 78118 | Christopher J. Pettit has knowledge regarding the facts and allegations asserted by Plaintiffs in this lawsuit, including without limitation, the accounts he created and maintained with Wells Fargo on behalf of himself and CP&A, the amounts he deposited, withdrew and/or transferred from his accounts with Wells Fargo, and for what purposes, the nature of the relationship between his law firm, CP&A, and Plaintiffs, the scope of the work CP&A |

5

| Individual with Discoverable Information | Contact Information | Subject of Information |
|---|---|---|
| | | performed for the Plaintiffs, and the amounts Plaintiffs paid to Christopher J. Pettit and/or CP&A for their alleged services. |
| Counsel Financial II, LLC | c/o Randall A. Pulman Elliott S. Cappuccio W. Drew Mallendar Pulman, Cappuccio & Pullen LLP 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213 (210) 222-9494 rpulman@pulmanlaw.com | Counsel Financial II, LLC may have knowledge regarding the facts and allegations asserted by Plaintiffs in this lawsuit, including without limitations, payments from CP&A's IOLTA account with Wells Fargo to Counsel Financial II, LLC and the amounts of settlement proceeds that may offset any damages award received by the Verstuyfts in this action. |
| Counsel Financial Holdings, LLC | c/o Randall A. Pulman Elliott S. Cappuccio W. Drew Mallendar Pulman, Cappuccio & Pullen LLP 2161 NW Military Highway, Suite 400 San Antonio, Texas 78213 (210) 222-9494 rpulman@pulmanlaw.com | Counsel Financial II, LLC has knowledge regarding the facts and allegations asserted by Plaintiffs in this lawsuit, including without limitations, payments from CP&A's IOLTA account with Wells Fargo to Counsel Financial II, LLC and the amounts of settlement proceeds that may offset any damages award received by the Verstuyfts in this action. |
| Eric Terry as Chapter 11 Trustee of Christopher J. Pettit and Chris Pettit & Associates, P.C.'s Bankruptcy Proceeding | c/o Jason M. Rudd Scott D. Lawrence Catherine A. Curtis WICK PHILLIPS GOULD & MARTIN, LLP 3131 McKinney Avenue, Suite 500 Dallas, Texas 75204 (214) 692-6200 | Eric Terry is the Chapter 11 Trustee of the Christopher J. Pettit and CP&A Estates in their pending Bankruptcy action. Accordingly, he may have knowledge pertaining to the facts and allegations set forth in this lawsuit. |
| Galm Realty | Galm Real Estate 1005 US-90 West Castroville, TX 78009 (830) 931-0900 | Plaintiffs allege that Galm Realty referred the Verstuyft Plaintiffs and Keunemann Plaintiffs to CP&A for services in connection with their respective 1031 Exchanges. Accordingly, Galm Realty may have knowledge and information pertaining to the facts, allegations and defenses set forth in this lawsuit. |

| Individual with Discoverable Information | Contact Information | Subject of Information |
|---|---|---|
| Benkes | Unknown at this time | Plaintiffs allege that the Benkes referred the Verstuyft Plaintiffs to CP&A for services in connection with their respective 1031 Exchanges. Accordingly, the Benkes may have knowledge and information pertaining to the facts, allegations and defenses set forth in this lawsuit. |
| Martin Abstract Co. | 712 Main St./PO Box 127 Jourdanton, TX 78026 Phone: (830) 767-3031 Fax: (830) 769-2183 | Plaintiffs allege that Martin Abstract Co. was the title company retained by the Verstuyfts to close their 1031 transaction for which they retained CP&A. Accordingly, Martin Abstract Co. may have knowledge and information pertaining to the facts, allegations and defenses set forth in this lawsuit. |
| Capital Title | 2400 Dallas Pkwy. Suite 560 Plano, Texas 75093 | Plaintiffs allege that Capital Title was the title company retained by the Trust to close their 1031 transaction for which they retained CP&A. Accordingly, Capital Title may have knowledge and information pertaining to the facts, allegations and defenses set forth in this lawsuit. |
| Stewart Title Co. | 1360 Post Oak Blvd., Suite 100 Houston, TX 77056 (800) 729-1900 | Plaintiffs allege that Stewart Title Co. was the title company retained by the Keunemann Plaintiffs to close their 1031 transaction for which they retained CP&A. Accordingly, Stewart Title Co. may have knowledge and information pertaining to the facts, allegations and defenses set forth in this lawsuit. |

In addition to the foregoing, Wells Fargo further incorporates herein those individuals identified by Plaintiffs in their initial disclosures or any amendments thereto.

**2.    Fed. R. Civ. P. 26(a)(1)(A)(ii): a copy of all other documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to a claim or defense of any party;**

Based upon the allegations in the Complaint, and subject to the Preliminary Statement and Reservations set forth above, Wells Fargo submits the following description of categories of documents, electronically stored information, and tangible things that are in its possession, custody, or control and that it may use to support its claims or defenses:

    a. Documents identified by Plaintiffs in their Initial Disclosures, produced by Plaintiffs in discovery, and/or used by Plaintiffs in trial;

    b. Documents related to the accounts at issue in this matter, including account statements, account correspondence, account agreements, account disclosures and signature cards; and

    c. Documents and communications between Wells Fargo and Christopher Pettit and CP&A.

    d. There may be additional Documents, as of now undetermined, that may be relevant to the issues in this case and that Wells Fargo may use to support its claims and defenses. Wells Fargo expressly reserves the right to identify additional Documents, if Wells Fargo learns of any such documents having relevance to issues in this case during the course of discovery and further investigation in this case. Copies of these non-privileged documents will be made available for inspection and copying subject to a protective order agreeable to the parties.

**3.**    **Fed. R. Civ. P. 26(a)(1)(A)(iii): a computation of each category of damages claimed; and**

As of the date of these Disclosures, Wells Fargo claims no damages against any party to this action. Therefore, no computation of damages under Rule 26(a)(1)(A)(iii) is presently required of Wells Fargo. Wells Fargo reserves the right to assert a claim or claims, including those for costs, attorney's fees and any other relief deemed appropriate by the Court, including a claim for indemnification or third-party contribution, should it become apparent that such an assertion of claims is warranted. Wells Fargo also submits that Plaintiffs have no recoverable damages arising out of any act or omission of Wells Fargo or its agents or employees and further asserts that Plaintiffs are not entitled to any relief.

**4.**    **Fed. R. Civ. P. 26(a)(1)(A)(iv): any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action.**

Wells Fargo presently is not aware of any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy a judgment.

Dated:  June 12, 2024

*/s/ Thomas Farrell*                              
Thomas Farrell, State Bar No. 06839250
**MCGUIREWOODS LLP**
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Phone: (713) 571-9191
tfarrell@mcguirewoods.com

Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
Alexander M. Madrid (*pro hac vice*)
**MCGUIREWOODS LLP**
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7907
jshaw@mcguirewoods.com
nhestin@mcguirewoods.com
amadrid@mcguirewoods.com
***Attorneys for Defendant Wells Fargo Bank,***
***N.A. and Wells Fargo National Bank West***

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK VERSTUYFT, ROBIN VERSTUYFT, THE BEYER LIVING TRUST, GORDON KUENEMANN and WENDY KUENEMANN,** | § § § § § | |
| **Plaintiffs,** | § § | **Case No. 5:24-cv-00229** |
| **v.** | § § | |
| **WELLS FARGO BANK, N.A. and WELLS FARGO NATIONAL BANK WEST,** | § § § § | |
| **Defendants.** | § § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2024, a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A. AND WELLS FARGO NATIONAL BANK WEST'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** was served by electronic mail upon all counsel of record:

Leslie M. Luttrell
LUTTRELL CARMODY LAW GROUP
100 NE Loop 410, Ste. 615
San Antonio, TX 78216
Email: luttrell@lclawgroup.net

*Attorneys for Robin and Mark Verstuyft and Gordon and Wendy Kuenemann*

Morris Eugene White , III.
VILLA & WHITE LLP
100 NE Loop 410 Suite 615
San Antonio, TX 78216
Email: treywhite@villawhite.com

*Attorneys for the Beyer Living Trust*

*/s/ Thomas Farrell*
Thomas Farrell

# EXHIBIT B

1.    **Pettit**

This entire litigation revolves around Wells Fargo's concert of action with Pettit. Not only is Pettit central to every claim, Wells Fargo specifically named Pettit in its Rule 26 Disclosures, stating "Christopher J. Pettit has knowledge regarding the facts and allegations asserted by Plaintiffs in this lawsuit, including without limitation, the accounts he created and maintained with Wells Fargo on behalf of himself and CP&A, the amounts he deposited, withdrew and/or transferred from his accounts with Wells Fargo, and for what purposes, the nature of the relationship between his law firm, CP&A, and Plaintiffs, the scope of the work CP&A performed for the Plaintiffs, and the amounts Plaintiffs paid to Christopher J. Pettit and/or CP&A for their alleged services."  ECF No. 44-1, ¶ 1.  Wells Fargo unmistakably could have and should have identified Pettit as a responsible third party well before the deadline to do so, which has long expired. In addition, Wells Fargo refrained from asserting any claims against Pettit or CP&A to avoid the jurisdiction of the Bankruptcy Court.  After fighting for and succeeding in splitting the claims into three venues, Wells Fargo is now attempting to bring Pettit and CP&A back in, but in the role it chooses.

2.    **CP&A**

As with Pettit, and as shown in the excerpt from Wells Fargo's Rule 26 Disclosures above, Wells Fargo was well aware of CP&A's existence and role in the current litigation well before the Rule 26 Disclosure deadline yet failed to disclose CP&A as a responsible third party. *See id.*  Further, Fed. R. Civ. P. 14—the federal responsible third-party rule—allows for a defendant to serve a summons and complaint to a ***nonparty***.  Fed. R. Civ. P. 14(1) (emphasis added).  In the CP&A Adversary Proceeding, CP&A was a party to the

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Exhibit B: Response In Opposition of Defendants' Motion for
Leave to Designate Responsible Third Parties                                                      Page **1**

litigation.   The only reason that CP&A is not a current party to this litigation is the insistence of Wells Fargo to send those claims to arbitration.   Wells Fargo has asserted neither a counter nor cross claim against CP&A and is now attempting to bring CP&A back into this litigation.

### 3.     Robert Walsh

In the motion at issue, Wells Fargo claimed that "Pettit testified that Mr. Walsh directed Pettit to unlawfully make numerous cash withdrawals from the New Mexico IOLTA account . . . ."  ECF No. 44-1, ¶ 3.  The testimony that Wells Fargo is referring to is the Pettit 2004 Exam.  As previously stated, on information and belief, Wells Fargo requested and received a copy of Pettit's transcript substantially prior to when the Rule 26 Disclosures were due—yet did not disclose Mr. Walsh as required by the Scheduling Order.

### 4.     Christa Samaniego

As with Robert Walsh, on October 6, 2022, when asked who the licensed CP&A attorneys were in New Mexico, Pettit answered "Robert Walsh and Christa Samaniego." Pettit Exam. 23:22–24.  Again, Wells Fargo was in possession of the testimony that it refers to far in advance of the Rule 26 Disclosure deadline, and the information in Wells Fargo's motion regarding Ms. Samaniego comes directly from the October 2022 transcript.

### 5.     Sam Sanchez

Pettit's 2022 testimony includes Sam Sanchez's duties, which Wells Fargo synthesized into the information in its current motion.  For example, Wells Fargo states that Mr. Sanchez "kept a file recording funds received and held on clients' behalf, along

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Exhibit B: Response In Opposition of Defendants' Motion for
Leave to Designate Responsible Third Parties                                              Page **2**

with a ledger keeping track of fees earned for each client," Pettit Exam. 35:20–25, and that he "performed accountings as to deposits and disbursements with respect to particular client files," Pettit Exam. 37:15–38:25. Wells Fargo clearly knew of Mr. Sanchez and his exact involvement with Pettit.

### 6.    John Buxie

When asked how long Mr. Buxie was Pettit's CPA, he replied "I would think at least ten years." Pettit Exam. 253:19. In its motion, Wells Fargo states that "John Buxie was a certified public accountant that worked as an independent contractor for Pettit and CP&A for at least 10 years." ECF No. 44-1, ¶ 6. Wells Fargo certainly got its information from this source, which was in its possession long before the Rule 26 Disclosure deadline.

### 7.    Shayla San Miguel Gongora Aston

Wells Fargo asserts that "Pettit testified that Ms. Aston conspired with Mr. Walsh" to induce Pettit into bad acts. ECF No. 44-1, ¶ 7. This information comes directly from Pettit's testimony. Pettit Exam. 196:2–197:7. As an additional example, Wells Fargo states that Ms. Aston "made deposits and cash withdrawals from the IOLTA accounts at Pettit's behest, including withdrawals of $10,000 or more." ECF No. 44-1, ¶ 7. In the Pettit 2004 Exam, the following exchange occurred:

> 16    Q. Okay. And was [Ms. Aston] authorized -- did you -- did
>
> 17    you ever have her withdraw funds in excess of $9,999?
>
> 18    A. I'm sure.
>
> 19    Q. Okay. And was she authorized to -- to execute
>
> 20    the reporting documents on a cash withdrawal in excess
>
> 21    of -- of ten -- $10,000 or more?

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Exhibit B: Response In Opposition of Defendants' Motion for
Leave to Designate Responsible Third Parties                                    Page **3**

22      A. It's interesting. I think you had asked me

23      that question before and I don't recall Wells Fargo ever

24      asking for any type of verification documents on a cash

25      withdrawal in excess of 9,999.

Pettit Exam. 66:16–25.

### 8.      Amalio Soto

Again, the information in Wells Fargo's motion comes directly from the Pettit 2004 Exam.  Mr. Soto handled the operating account for CP&A, for which Wells Fargo claims he was negligent as a result of his role of performing accounting services.  ECF No. 44-1, ¶ 8; Pettit Exam. 372:7–14.

### 9.      The New Mexico Bar Association

In both the Rule 2004 Oral Examination of Karen Nelson as Designated Representative of Wells Fargo Bank, N.A. taken on February 6, 2023, and the Rule 2004 Oral Examination of Bridget Cerny as Designated Representative of Wells Fargo Bank, N.A. taken on April 19, 2023, the New Mexico Bar Association and the New Mexico Supreme Court were identified and discussed.  Specifically, issues concerning overdraft notices, licensing requirements, and the actual notice to Wells Fargo of Pettit's lack of qualification to hold a New Mexico IOLTA account were extensively discussed.  Nelson Exam. 56:8–9; Cerny Exam. 45:1–7.

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Exhibit B: Response In Opposition of Defendants' Motion for
Leave to Designate Responsible Third Parties                                    Page **4**