**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK VERSTUYFT, ROBIN VERSTUYFT, GORDON KUENEMANN and WENDY KUENEMANN, EARL BEYER and KENNETH BEYER** | §<br>§<br>§<br>§<br>§ | |
| **Plaintiffs,** | §<br>§ | |
| **vs.** | §<br>§ | **Case No. 5:24-cv-00229** |
| **WELLS FARGO BANK, N.A. and WELLS FARGO NATIONAL BANK WEST** | §<br>§<br>§<br>§<br>§ | |
| **Defendants.** | §<br>§ | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND INTERROGATORY RESPONSES, AND TO STRIKE OBJECTIONS**

Now Comes, Robin Verstuyft, Mark Verstuyft, Earl Beyer and Kenneth Beyer as

Co-Trustees of the Beyer Living Trust, and Gordon and Wendy Kuenemann (the

"Plaintiffs") and file this *Reply to Defendants' Response in Opposition to Plaintiffs' Motion*

*to Compel Production of Documents and Interrogatory Responses, and to Strike*

*Objections* and would show as follows:

**I.**
**SUMMARY OF REPLY**

1.01   On August 16, 2024, Wells Fargo Bank, N.A. ("Wells Fargo") filed its

*Response in Opposition to Plaintiffs' Motion to Compel Production of Documents and*

*Interrogatory Responses, and to Strike Objections* [ECF No. 50] (the "Response").  In the

Response, Wells Fargo acknowledges that it failed to produce documents responsive to

legitimate discovery requests made by Plaintiffs.  The primary excuse for not doing so is

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses          Page **1**

that Wells Fargo disagrees with Plaintiffs' claims.  Essentially, Wells Fargo doesn't agree that the Plaintiffs have valid claims and, therefore, according to Wells Fargo, the Plaintiffs are simply not entitled to any documents beyond that produced in connection with the Rule 2004 Examination of Wells Fargo taken in the Pettit Consolidated Bankruptcy Proceedings[1] which, as a matter of course, were only produced after the filing of motions to compel against Wells Fargo.  Unfortunately for Wells Fargo, such a determination is not within its discretion, but lies squarely with this Court.  As such, the Plaintiffs request that this Court issue an order compelling Wells Fargo to turn over the discovery requested in *Plaintiffs' First Request for Production to Defendant Wells Fargo Bank, N.A.* ("Requests for Production") and respond to *Plaintiffs' First Set of Interrogatories to Defendant Wells Fargo Bank, N.A.* ("Interrogatories").  The Plaintiffs further request that the Court strike each of the objections of Wells Fargo's to same.

1.02   As noted in the Plaintiffs' Motion to Compel, of the 132 Requests for Production and 7 Interrogatories, Wells Fargo failed to produce a single document or answer a single question.  Even after Plaintiffs' good-faith discovery Zoom conference wherein Plaintiffs' counsel offered to narrow, adjust, and clarify the questions and requests, Wells Fargo has continued to refuse to (1) withdraw any objections, (2) produce the requested communications, data, and documentation (or otherwise identify what documentation produced in connection with the Rule 2004 Examination is responsive the Requests for Production), (3) produce a privilege log that comports with Rule 26(5)(A) of the Federal Rules Civil Procedure ("FRCP") identifying the communication, data, and

---

[1]     *In re Chris Pettit & Associates, P.C.* Chapter 11 Case No. 22-50591 and *In re Christopher John Pettit* Chapter 11 Case No. 22-50592.

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses                    Page **2**

documentation withheld, and (4) answer any Interrogatories.  Further, as of the date hereof, neither Wells Fargo nor Wells Fargo National Bank West ("WFNBW") have disclosed any person employed by Wells Fargo or WFNBW that has knowledge of facts related to the Plaintiffs' claims[2].

**II.**
**REPLY AND ARGUMENT**

**A. Wells Fargo Completely Mischaracterizes the Nature of Plaintiffs Claims**

2.01   In the Response, Wells Fargo attempts to justify its discovery abuse by asserting that the time period relevant to Plaintiffs' claims is limited to "specific moments in time."  Resp. 3, ECF No. 50.  More specifically, according to Wells Fargo, this case only concerns the three discrete deposits of monies owned by the Plaintiffs and the subsequent wrongful withdrawal of those funds by Christopher John Pettit.  *Id.*  As such, according to the Response, production of the documents requested by the Plaintiffs "do not justify the Discovery."  *Id.*  However, what Wells Fargo fails to recognize is that the Plaintiffs have alleged claims that specifically address the failure of Wells Fargo to follow proper procedures prior to, during, and after the time that the Plaintiffs' funds were stolen by Pettit with the aid and consent of Wells Fargo.  Indeed, this case is founded on the well pleaded facts in the Complaint [ECF No. 1] which reveal that Wells Fargo ignored: (1) direct notification of irregularities by the New Mexico Supreme Court, (2) hundreds of overdrafts in the NM IOLTA Account in the months preceding the deposits of the Verstuyft funds and the Beyer Living Trust funds, (3) more than two dozen payments of Pettit's

---

[2]     The Plaintiffs will be supplementing the Motion to Compel to seek the Court's assistance in requiring Wells Fargo and Wells Fargo National Bank West to comply with the requirements of Rule 26(a)(1)(A)(i).

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses          Page **3**

personal mortgage to Wells Fargo/WFNBW in 13 months, (4) multiple suspect wire transfers (both domestic and international), and (5) multiple cash withdrawals totaling over a million dollars, just to name a few of the "red flag" events which the Plaintiffs are entitled to investigate and have been fully approved to pursue by Judge Gargotta.  In short, Wells Fargo is attempting to disregard the fact that the Plaintiffs have made claims against Wells Fargo for failing to take action when it knew or should have known that money was being misappropriated out of the NM IOLTA Account.

2.02   The information that has been requested is narrowly tailored and goes to the heart of the claims presently pending against Wells Fargo in this case.  The documents requested by the Plaintiffs and wrongfully withheld by Wells Fargo are relevant to the determination that Wells Fargo ignored its own policies and procedures in the supervision and maintenance of the NM IOLTA Account as well as applicable banking regulations governing the actions of Wells Fargo.  That is, Plaintiffs requests for organizational charts, policy and procedures for AML/BSA, and fraud monitoring and compliance, as well as the data related to and validation of the Actimize Model, are each highly relevant to Plaintiffs' claims.  Accordingly, the Motion to Compel should be granted.

**B. The Rule 2004 Exam Conducted in the Bankruptcy Court Does Not Limit the Plaintiffs Discovery Requests in this Lawsuit.**

2.03   On November 4, 2022, the Verstuyfts and Beyers notified Wells Fargo that they intended to conduct a 2004 Examination[3] of a Wells Fargo representative.  Wells Fargo failed to produce any documents and failed to appear at the 2004 Examination, which in turn required the Verstuyfts and Beyers to expend both time and money in

---

[3] Fed. R. Bankr. P. 2004.

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses                    Page **4**

pursuing a motion to compel in the Consolidated Bankruptcy Proceedings.  Although Wells Fargo eventually produced a witness and some documents, the witness, Ms. Karen Nelson, lacked sufficient knowledge to respond to the topics outlined in the Rule 2004 Examination Subpoena.  As such, the Beyers and Verstuyfts were once again required to expend time and money to bring a second motion to compel in the Consolidated Bankruptcy Proceedings.  A second Rule 2004 Exam was ordered, documents were produced, and Wells Fargo was required to pay the expenses incurred by the Verstuyfts and Beyers in connection with the fruitless 2004 Examination.

2.04    In the Response, Wells Fargo seems to argue that since some documents were already provided to Plaintiffs through the Rule 2004 Examination, the Plaintiffs are precluded from conducting discovery in this case; even where the subject documents that were neither previously produced nor requested.  Curiously, Wells Fargo fails to articulate how production pursuant to a Rule 2004 Examination would or should limit requests made in separate litigation such as the instant proceeding.  Notably, the documents received by the Verstuyfts and Beyers pursuant to the Rule 2004 Examination did not include documents relevant to and rightfully requested by the Plaintiffs in this case.  Wells Fargo admits this fact in the Response as it recites the categories of documents that were produced to the Bankruptcy Trustee.  Importantly, the categories of documents recited by Wells Fargo as having been produced in connection with the 2004 Examination do not include the presently requested categories related to policies and procedures for transaction monitoring, validation, and model documentation regarding the Actimize Model, documentation of account monitoring systems utilized by Wells Fargo other than the Actimize Model, or the risk rating documentation related to the Pettit accounts,

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses                    Page **5**

including the NM IOLTA Account and the TX IOLTA Account.   Again, each of these categories of documents is relevant to the claims asserted by the Plaintiffs in this case. Furthermore, even if documents that were produced pursuant to the Rule 2004 Examination are responsive to a particular discovery request, Wells Fargo remains obligated to comply with Rule 34 FRCP.   Notably, the Plaintiffs offered, though Wells Fargo declined to identify, the documents which they allege were previously produced and responsive.  This Court should grant the Plaintiffs' Motion to Compel requiring Wells Fargo to comply with the Federal Rules of Civil Procedure.

**C. Plaintiffs Conferred in Good Faith in an Attempt to Resolve the Discovery Issues**

2.05     Plaintiffs' efforts to meet and confer were in good faith, as detailed on page 21 of the Motion to Compel, which satisfies Rule 37 FRCP and Local Rule CV-7.  That is, as described in the Motion to Compel, after receipt of the objections to Plaintiffs' Request for Production and Interrogatories, counsel for Plaintiffs requested a discovery conference.  On Thursday, July 25, 2024, counsel for the Plaintiffs had an hour-long Zoom call with counsel for Wells Fargo.  Plaintiffs attempted in good faith to explain the nature of Plaintiffs' claims and the relevance of the requested production.   Notwithstanding, counsel for Wells Fargo simply stated that Wells Fargo "stands on the objection" for each document request.  Thereafter, on July 29, 2024, counsel for Plaintiffs corresponded with counsel for Wells Fargo and proposed a path for production in good faith to resolve the discovery issues.  Indeed, the Plaintiffs made several concessions in attempt to work with Wells Fargo, including allowing Wells Fargo to substitute actual terminology and redefine terms to reduce any risk of alleged over broad terms, assuring Wells Fargo that the Plaintiffs are not seeking any document actually protected by the SAR privilege, and

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses                    Page **6**

narrowing the scope of audit reporting to just IOLTA accounts.  In response to this good faith effort, Wells Fargo responded with correspondence dated July 30, 2024, in which it, again, took the position that Wells Fargo has determined that the case is meritless, and therefore, Plaintiffs are not entitled to any of the documents requested.  *See* Pls.' Mot. Compel Ex. F.  The July 30th correspondence does nothing to advance the discovery; it serves only as a recitation of Wells Fargo's position and a demand that Plaintiffs acquiesce to that position.  Although Wells Fargo did state that it *may* consider production in the future, it intends to do so on a time schedule determined by Wells Fargo; the subtext of which is not in time for the Plaintiffs to comply with the current Scheduling Order.  Accordingly, as the parties are at an impasse, Plaintiffs were forced to seek the assistance of this Court—given the current deadlines in the agreed Scheduling Order—and filed the Motion to Compel on August 12, 2024.

2.06    Almost immediately after the filing of the Motion to Compel, on August 16, 2024, counsel for Wells Fargo sent another letter to indicate reconsideration of its objections and has agreed that it will produce some documents.  However, the letter also clearly states that Wells Fargo intends to do so on its own schedule and will produce documents on a "rolling production over the next couple of weeks."  Undeterred, the Plaintiffs tried yet again to achieve consensus by correspondence dated August 21, 2024.  Though Wells Fargo has agreed to limited production, it has wholly declined to (1) withdraw any objections, (2) identify persons with knowledge within Wells Fargo, (3) answer any interrogatories, and (4) produce the key data related to the internal monitoring of the accounts which are the subject of the Litigation.  True and correct copies of Plaintiffs' August 21, 2024, Correspondence and J. Shaw's August 23, 2024,

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses                    Page **7**

Correspondence is attached hereto as **Exhibit A** and **Exhibit B** and are incorporated herein for all purposes.

## CONCLUSION

Wells Fargo has had ample time to produce the relevant documents and was required to do so by July 21, 2024.  We are now an additional 30 days later and Wells Fargo continues to abuse and disregard the discovery process, continuing to assert lack of merit in Plaintiffs' claims after a court of competent jurisdiction has ruled to the contrary. The Court should not allow Wells Fargo to continue with its gamesmanship and should grant Plaintiffs' Motion to Compel.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Plaintiffs respectfully request that this Court issue an order granting *Plaintiffs' Motion To Compel Production Of Documents And Interrogatory Responses, And To Strike Objections* including:

1. Compelling Wells Fargo to produce all communications, data, and documents responsive to Plaintiffs' Requests for Production;

2. Compelling Wells Fargo to produce all email communications and documents in any way related to the NM IOLTA Account;

3. Striking all of Wells Fargo's objections to the Requests for Production and Interrogatories;

4. Awarding Plaintiffs with reasonable expenses and attorney's fees incurred due to Well Fargo's conduct necessitating this motion; and

5. For such other and further relief to which Plaintiffs may be justly entitled.

## End of Reply ##

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses          Page **8**

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
T. 210.426.3600

By: /s/ Leslie M. Luttrell
    Leslie M. Luttrell
    State Bar No. 12708650
    luttrell@lclawgroup.net
    Jessica A. Henry
    State Bar No. 24119431
    jhenry@lclawgroup.net

**ATTORNEYS FOR ROBIN AND MARK VERSTUYFT AND GORDON AND WENDY KUENEMANN**

VILLA & WHITE, LLP
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
T. 210.225.4500

By: /s/ Morris E. "Trey" White III
    Morris E. "Trey" White III
    State Bar No. 24003162
    treywhite@villawhite.com

**ATTORNEYS FOR EARL BEYER AND KENNETH BEYER AS THE CO-TRUSTESS OF THE BEYER LIVING TRUST**

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses    Page **9**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following by electronic service the 23rd day of August 2024.

**Attorneys for Wells Fargo, N.A. and Wells Fargo National Bank West**

MCGUIREWOODS LLP
845 Texas Avenue, Suite 2400
Houston, TX 77002
Thomas M. Farrell                    *via email: tfarrell@mcguirewoods.com*

260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Jarrod D. Shaw                       *via email: jshaw@mcguirewoods.com*
Nellie E. Hestin                     *via email: nhestin@mcguirewoods.com*
Alexander M. Madrid                  *via email: amadrid@mguirewoods.com*


                                     */s/ Leslie M. Luttrell*
                                     Leslie M. Luttrell

No. 24-229
*Verstuyft, et al v. Wells Fargo Bank, N.A.*
Reply to Response in Opposition to Motion to Compel Production and Responses          Page **10**

# EXHIBIT A



Leslie M. Luttrell
Direct: 210.426.3605
luttrell@lclawgroup.net

August 20, 2024

Jarrod D. Shaw          ***via email: JShaw@mcguirewoods.com***
Nellie E. Hestin        ***via email: NHestin@mcguirewoods.com***
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222


Thomas Farrell          ***via email: TFarrell@mcguirewoods.com***
MCGUIREWOODS LLP
845 Texas Avenue, Suite 2400
Houston, TX 77002

> Re:   ***Verstuyft, et al v. Wells Fargo Bank, N.A., et al*** **Case No. 5:24-cv-00229 (the "<u>Litigation</u>")**
> **Post Discovery Dispute Conference Proposal**

Dear Jarrod:

Thank you for your correspondence dated August 15, 2024.  We have now had an opportunity to discuss with our banking expert those documents that we need immediate access to in order to proceed with our analysis of the case and for our banking expert to complete their preliminary report.  In addition to what you proposed in your August 15 correspondence[1], and in an effort to achieve some level of consensus with regard to discovery from Wells Fargo, the Plaintiffs propose the following production by Wells Fargo:

A. Policies and procedures in place related to transaction monitoring for IOLTA Accounts, business accounts, and personal accounts at Wells Fargo during the period 2017 through 2022 for:
   a. Bank Secrecy Act/Anti-Money Laundering
   b. Unexpected activity reporting
   c. Suspicious Activity Reporting
   d. Customer Due Diligence
   e. Enhanced Due Diligence
   f. Know Your Customer
   g. Currency Transaction Reporting
   h. Account opening - generally and specifically for IOLTA accounts

---

[1] "Wells Fargo is willing to produce additional documents in the form of procedures related to suspicious activity reports and "red flags" as well as those portions of Financial Crimes Investigation ("FCI") files that are neither a SARs (or reflect the determination to or not to file a SAR) nor evaluative investigator created notes reflecting the evaluative decision-making process to file a SAR."

Thomas Farrell
Jarrod D. Shaw
Nellie E. Hestin
August 21, 2024
Page 2

      i.   Account closing - generally and specifically for IOLTA accounts
      j.   Red Flag monitoring and reporting
      k.  Mortgage payment fraud
      l.   Blocking or refusing to block a transaction due to
            i.   Suspected fraud
           ii.  Money laundering
         iii.  Criminal activity
     m. Wire transfers
     n.  Unusual activity

B. Wells Fargo's SAR Policy, but not the "procedures" other than as already proposed by you.
C. The valuation report and model documentation for the Actimize Model utilized by Wells Fargo for the period January 1, 2021 through December 31, 2022, inclusive of the alert triggers included in the system.  By way of example and not by limitation: velocity rules, threshold rules, and customer behavior rules.
D. The documentation on each other account monitoring system utilized in connection with IOLTA Accounts, business accounts, and personal accounts in place during the period of January 1, 2021 through December 31, 2022, inclusive of the triggers included in the system.
E. Documentation supporting the initial risk rating for each of the Christopher John Pettit accounts (banking only not credit cards) and each of the Chris Pettit & Associates, P.C. accounts, together with each change in the risk rating of each such account from January 2017 through June 1, 2022.

As Wells Fargo has not identified any individual with knowledge of any facts related to the claims asserted by the Plaintiffs in derogation of the requirements of 26(a)(1)(A)(i), we also request the identification of the persons that will be testifying on behalf of Wells Fargo on the following topics:

A. compliance by Wells Fargo's with its internal policies regarding Bank Secrecy Act and Anti Money Laundering regulations,
B. compliance by Wells Fargo's with its internal policies regarding Unexpected activity reporting,
C. compliance by Wells Fargo's with its internal policies regarding Suspicious Activity Reporting,
D. compliance by Wells Fargo's with its internal policies regarding Customer Due Diligence,
E. compliance by Wells Fargo's with its internal policies regarding Enhanced Due Diligence,

Thomas Farrell
Jarrod D. Shaw
Nellie E. Hestin
August 21, 2024
Page 3

        F.  compliance by Wells Fargo's with its internal policies regarding Know Your Customer regulations,

        G.  compliance by Wells Fargo's with its internal policies regarding Currency Transaction Reporting,

        H.  compliance by Wells Fargo's with its internal policies regarding Account opening - generally and specifically for IOLTA accounts,

        I.  compliance by Wells Fargo's with its internal policies regarding Account closing - generally and specifically for IOLTA accounts,

        J.  compliance by Wells Fargo's with its internal policies regarding Red Flag monitoring and reporting,

        K.  compliance by Wells Fargo's with its internal policies regarding mortgage payment fraud,

        L.  compliance by Wells Fargo's with its internal policies regarding blocking or refusing to block a transaction due to:
- a. suspected fraud,
- b. money laundering,
- c. criminal activity,

        M.  compliance by Wells Fargo with its internal policies regarding wire transfers,

        N.  the data generated from, the use of that data, and the status of the Actimize Model utilized by Wells Fargo for the period January 1, 2021 through December 31, 2022,

        O.  compliance with each other account monitoring system utilized by Wells Fargo in connection with IOLTA Accounts, business accounts, and personal accounts in place during the period of January 1, 2021 through December 31, 2022, inclusive of the triggers included in the system, and

        P.  compliance with Wells Fargo's policies and procedures relating to the initial risk rating for each of the Christopher John Pettit accounts (banking only not credit cards) and each of the Chris Pettit & Associates, P.C. accounts, together with each change in the risk rating of each such account from January 2017 through June 1, 2022.

This information would likely be discernable if Wells Fargo would comply with the discovery conference request dated July 29, 2024.  As that has not been either forthcoming or offered, renders this request necessary to determine how many fact depositions will need to be taken of Wells Fargo personnel; and which will be relevant to the impending need for a modification of the Scheduling Order.

        If the production can be provided on or before the close of business on August 28, 2024, the Plaintiffs would consider notifying the Court that partial compliance has occurred and request that the hearing on the Motion to Compel be passed.  The Plaintiffs are unable to withdraw the Motion to Compel and Strike and will, ultimately seek, at a minimum, a ruling on the objections to the discovery - both the Request for Production and the Interrogatories – unless the objections are withdrawn.

Thomas Farrell
Jarrod D. Shaw
Nellie E. Hestin
August 21, 2024
Page 4

       We look forward to hearing from you.

                        Regards,

                        Luttrell + Carmody Law Group

                        Leslie M. Luttrell

LML/wlp

cc:  Morris E. "Trey" White, III, Esq.    *via email*
     Clients                                 *via email*

# EXHIBIT B

# McGuireWoods

**McGuireWoods LLP**
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

**Jarrod D. Shaw**
Direct: 412.667.7907
jshaw@mcguirewoods.com

August 23, 2024

Leslie M. Luttrell, Esq.
Luttrell + Carmody Law Group
One International Centre
100 N.E. Lop 410, Suite 615
San Antonio, TX  78216
luttrell@lcawgroup.net

Morris E. "Trey" White III, Esq.
Villa & White, LLP
One International Centre
100 N.E. Lop 410, Suite 615
San Antonio, TX  78216
treywhite@villawhite.com

> Re:   *Mark Verstuyft, et al. v. Wells Fargo Bank, et al.*
>        Case No. 5:24-cv-00229
>        Continued Follow Up Regarding Meet and Confer Efforts

Dear Leslie and Trey:

We write in response to your August 20, 2024, communication regarding discovery.  We appreciate what appears to be an effort to work with us cooperatively to address the discovery issues, and we understand this letter to be an effort to reach a compromise in at least some instances.  Moreover, and in at least part, this letter appears to be consistent with what Wells Fargo has already agreed to produce as further outlined below.

Additional Production by Wells Fargo

With respect to Paragraphs A and B, as Wells Fargo indicated in its communications of July 30, 2024, and August 16, 2024, Wells Fargo is willing to produce procedures during the relevant time period to the extent located after a reasonable and diligent investigation related to:

- Suspicious activity report
- Red flags
- Customer due diligence
- Enhanced due diligence
- Customer identification programs

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

August 23, 2024
Page 2


- Know your customer
- Currency transaction reporting
- Consumer account opening
- Exiting customer relationships
- Wire transfers
- Investigatory policies applicable to IOLTA accounts

We believe that this substantially matches up to what you have requested, and once you have had an opportunity to review the procedures produced, we can likely continue our discussions.  As noted in Wells Fargo's Opposition to your Motion to Compel, Wells Fargo has 5,003 pages of procedures ready to produce upon entry of the confidentiality order, and it is continuing to collect and review additional potentially responsive procedures over the next few weeks.

With respect to Paragraphs C and D, Wells Fargo continues to stand on its objections.  The request is not only disproportionate to the needs of the case, but it seeks information that is wholly irrelevant.

With respect to Paragraph E, Wells Fargo has already produced account opening documents that indicate risk ratings for Christopher John Pettit and Chris Pettit & Associates, P.C., including but not limited to WF-0002157 (Risk Review Site assessing risk associated with potential loan to Christopher Pettit).  Notwithstanding that it has already produced responsive documents, Wells Fargo is conducting a further search to confirm that the relevant risk rating documents have been produced.  To the extent any additional documents exist Wells Fargo will produce those documents.

Wells Fargo's Rule 26 Disclosures Are Sufficient

In your letter, you also raise concerns with the sufficiency of Wells Fargo's Rule 26 disclosures and then note a number of topics on which you request identification of the person who will be testifying on behalf of Wells Fargo.  As an initial matter, Wells Fargo's disclosures are sufficient and Wells Fargo will supplement as necessary under the Federal Rules.  As you know, the standard is not disclosure of anyone with knowledge of any facts related to the claims as you indicate in your letter.  Instead, Rule 26 only requires a party to disclose individuals to have discoverable information *that the disclosing party may use to support its claims or defense*.  Wells Fargo has and will continue to disclose that information as necessary.

Moreover, the "topics" appear to be of the sort that would be requested of a corporate representative through deposition.  We do not think it is appropriate to try and obtain that information through negotiations over document production related issues.  Upon receipt of a proposed deposition notice with reasonably limited topics, Wells Fargo will of course confer with Plaintiffs on the appropriate scope of the deposition and designate an appropriate individual(s) to act as corporate representative.  We do note that the "topics" listed in your letter appear disproportionate to the needs of the case and lack any particularity.  Moreover, many, if not most, of the topics appear to suffer from the same relevance and overbreadth concerns as the requests

August 23, 2024
Page 3


for production.  In fact, many of these topics reach well beyond the Stipulation agreed to by the parties with respect to the related 2004 Examination.  Wells Fargo reserves the right to object to any deposition topics and/or seek a protective order at the appropriate time.

Resolution of the Motion to Compel

As noted above, Wells Fargo has an additional production ready to send upon entry of the confidentiality order, and it anticipates completing the remaining agreed upon production on a rolling basis.  Given the breadth of the requests and processing times, that rolling production may extend past August 28th.

Further, Wells Fargo is unwilling to withdraw its objections and it is unclear why Plaintiffs would request the same if the parties are largely in agreement on the scope of remaining production.

As before, Wells Fargo remains willing to continue working through discovery in a cooperative manner to the extent possible.

Sincerely,

*s/ Jarrod D. Shaw*

Jarrod D. Shaw