IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK VERSTUYFT, ROBIN VERSTUYFT, GORDON KUENEMANN, WENDY KUENEMANN, EARL BEYER, KENNETH BEYER, | § § § § § | 5-24-CV-00229-JKP-RBF |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| WELLS FARGO BANK, N.A., WELLS FARGO NATIONAL BANK WEST, | § § § | |
| *Defendants*. | § | |

## AMENDED SCHEDULING ORDER

    The disposition of this case will be controlled by the following order. In accordance with Federal Rule of Civil Procedure 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before **August 9, 2024**, and each opposing party may respond, in writing on or before **August 23, 2024**. All offers of settlement are to be private, not filed. The parties shall retain any written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

3. On or before **August 9, 2024**, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is **August 9, 2024**.

4. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **January 30, 2025**.

5. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **February 28, 2025**.

6. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8. Parties shall initiate all discovery procedures in time to complete discovery on or before **April 15, 2025**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16. Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7.

9. The parties shall complete ADR in compliance with Rule CV-88 by March 4, 2025. A motion objecting to ADR must be filed not later than 60 days before that deadline.

10. On or before **April 14, 2025**, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

11. On or before **June 20, 2025**, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

**IT IS SO ORDERED.**

SIGNED this 20th day of September, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE